202 F.3d 987 (7th Cir. 2000)
 Sandra Brown, Deborah Jackson, and Victoria Davis, Plaintiffs-Appellants,
v.
Payday Check Advance, Inc., and Payday Check Advance, llc, both doing business as Payday Express, Defendants-Appellees.
Marguerite Mitchem, Plaintiff-Appellant,
v.
Payday Check Advance, Inc., doing business as Payday Express, Defendant-Appellee.
Denise Laws, Plaintiff-Appellant,
v.
Payday Loan Corp. of Illinois, Defendant-Appellee.
 No. 99-3110, No. 99-3353 , No. 99-3625
 In the United States Court of Appeals For the Seventh Circuit
 Submitted January 5, 2000
Decided February 2, 2000
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 99 C 2074--James B. Zagel, Judge.
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 99 C 1869--Matthew F. Kennelly, Judge.
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 98 C 5562--Joan B. Gottschall, Judge. [Copyrighted Material Omitted]
 Before Bauer, Easterbrook, and Kanne, Circuit Judges.
 Easterbrook, Circuit Judge.
 
 
 1
 These related cases present questions concerning damages under the Truth in Lending Act. Three district judges concluded that the kind of violations asserted by the plaintiffs do not lead to the awards (called statutory damages) that are available under 15 U.S.C. sec.1640(a)(2) without regard to injury. Because plaintiffs declined to allege any actual injury, the cases were terminated on the pleadings. Two of the decisions are available at 1999 U.S. Dist. Lexis 16225 (N.D. Ill. Sept. 30, 1999) and 1999 U.S. Dist. Lexis 17423 (N.D. Ill. Aug. 3, 1999); the third is unpublished.
 
 
 2
 All three of these cases arise from transactions known as "payday loans"--short-term, high-interest, single-payment credit for which the lender requires a post-dated check that can be cashed after the borrower's next payday. See Smith v. Cash Store Management, Inc., 195 F.3d 325 (7th Cir. 1999); Smith v. Check-N-Go of Illinois, Inc., No. 99-2666 (7th Cir. Dec. 23, 1999). Two of the three challenge the lender's application of the phrase "total payment" to the borrower's obligation. According to plaintiffs, the Act requires lenders either to use the phrase "total of payments" to describe the sum of the amount financed and the finance charge, see 15 U.S.C. sec.1638(a)(5), or not to describe this sum at all, when the borrower will make just one payment. The district judges sensibly rejected this contention, because the Federal Reserve (which administers the TILA) permits a lender to dispense with the "total of payments" disclosure when there will be only one payment. 12 C.F.R. sec.226.18(h) n.44 (part of the Federal Reserve's Regulation Z). Omitting the phrase "total of payments" does not imply that the lender must keep mum about how much the borrower needs to repay.
 
 
 3
 Although we agree with the district judges that the lenders may use the term "total payment," this does not mean that lenders may put it anywhere they please on their forms. All disclosures required by federal law must be grouped together and "conspicuously segregated" from other information. 15 U.S.C. sec.1638(b)(1). Given 12 C.F.R. sec.226.18(h) n.44, the "total payment" for a one-payment loan is not a disclosure required by federal law and therefore must be kept separate from information such as the finance charge and the annual percentage rate. Yet the lenders put the "total payment" in the "federal box" (the portion of the form devoted to the mandatory disclosures), just as if it were a "total of payments" item. Because the TILA receives a hypertechnical reading, see Smith v. No. 2 Galesburg Crown Finance Corp., 615 F.2d 407, 417 (7th Cir. 1980), the lenders' use of "total payment" rather than "total of payments" in the federal box yields a violation of the segregation rule. Some of the forms violate sec.1638(b)(1) in other ways, such as including an itemization in the federal box of the amount financed (itemizations are supposed to be outside the federal box) and providing space for the number of the check that the borrower provides (again this information should have been elsewhere).
 
 
 4
 Forms provided to the five plaintiffs depart from the statutory model in other ways. Some of them fail to provide adequate descriptive explanations of terms such as "finance charge" and "annual percentage rate"; this shortcoming violates 15 U.S.C. sec.1638(a)(8). At least one form, received by plaintiff Denise Laws, is deficient because the phrases "finance charge" and "annual percentage rate" are in the same typeface as "amount financed" and "total of payments." Because the former terms must be "disclosed more conspicuously than" the latter, Payday Loan Corp. has violated 15 U.S.C. sec.1632(a). See also 12 C.F.R. sec.226.17(a)(2).
 
 
 5
 What remedies are available for violations of sec.1632(a), sec.1638(a)(8), and sec.1638(b)(1), the provisions transgressed by these defendants? Compensatory damages for any actual injury, surely. 15 U.S.C. sec.1640(a)(1). But plaintiffs forswear any claim of injury and seek only statutory damages under sec.1640(a)(2). We set out the portions of sec.1640(a) that bear on plaintiffs' contentions.
 
 
 6
 Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
 
 
 7
 (1) any actual damage sustained by such person as a result of the failure;
 
 
 8
 (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . or (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; or (B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor;
 
 
 9
 . . .
 
 
 10
 . . . In connection with the disclosures referred to in subsections (a) and (b) of section 1637 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title, section 1637(a) of this title, or of paragraph (4), (5), (6), (7), (8),(9), or (10) of section 1637(b) of this title or for failing to comply with disclosure requirements under State law for any term or item which the Board has determined to be substantially the same in meaning under section 1610 (a)(2) of this title as any of the terms or items referred to in section 1637(a) of this title or any of those paragraphs of section 1637(b) of this title. . . . In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2)(insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title.
 
 
 11
 The reference to "this part" in the opening sentence of sec.1640(a) is to Part B of the TILA, 15 U.S.C. sec.sec. 1631-49. Statutory damages therefore are available for violations of any requirement in these 19 sections, "[e]xcept as otherwise provided in this section". Cf. Strange v. Monogram Credit Card Bank, 129 F.3d 943 (7th Cir. 1997). The "otherwise" comes in the two long unnumbered sentences that begin "[i]n connection with the disclosures referred to in" either sec.1637 or sec.1638. Section 1637 deals with open-end consumer credit (such as revolving loans on a credit card). Payday loans come within sec.1638, which addresses all consumer loans other than open-end credit plans. It is sec.1638 that requires the disclosures to plaintiffs. The more-conspicuous-disclosure obligation of sec.1632(a) works "[i]n connection with the disclosures referred to in section 1638", so the final sentence we have reproduced in the block quotation reads on all of the claims made by all of our plaintiffs.
 
 
 12
 Statutory damages are available, this final sentence says, "only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the 'amount financed'), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for" other situations not presented by these cases. "Only," the word we have italicized, is conclusive against plaintiffs, for it confines statutory damages to a closed list. Failure to emphasize the typeface of "finance charge" and "annual percentage rate" violates sec.1632(a); omission of descriptive explanations violates sec.1638(a)(8); appearance of extra matter in the federal box violates sec.1638(b)(1). None of these subsections is on the list of violations eligible for statutory damages.
 
 
 13
 Plaintiffs insist that information has been "disclosed" in compliance with sec.1638 only if all of the TILA and all of Regulation Z have been followed. On this understanding, although the lenders informed the borrowers of correctly calculated finance charges and annual percentage rates, and made all other mandatory disclosures, they did not comply with the sections requiring these disclosures, because they did not make the disclosures in the form required by other parts of the statute and regulations. The lenders may have informed borrowers of the statutory items, plaintiffs insist, but they did not "disclose" these items. Thus, according to plaintiffs, any violation of sec.1632(a), sec.1638(a)(8), or sec.1638(b)(1) also violates sec.1638 (a)(3) (which requires the lender to disclose the finance charge), sec.1638(a)(4) (which requires the lender to express the finance charge as an annual percentage rate), and so on. Because sec.1638(a)(3) and (a)(4) are on the list of violations eligible for statutory damages, plaintiffs say that they must prevail. Yet accepting this argument would destroy the point of sec.1640(a). What sense would it make to omit sec.1632, sec.1638(a)(1), (a)(2) (in part), (a)(7), (a)(8), (a)(10), (a)(11), (a)(12), and all of sec.1638(b), (c), and (d) from the candidates for statutory damages if they came in through the back door on the theory that all formal shortcomings infect the disclosures of the items that are on the list? Congress included some and excluded others; plaintiffs want us to turn this into universal inclusion, which would rewrite rather than interpret sec.1640(a).
 
 
 14
 The portion of sec.1640(a) that we have been considering was added to the TILA in 1980 to curtail damages awards for picky and inconsequential formal errors. Truth in Lending Simplification and Reform Act, Pub. L. 96-221, 94 Stat. 132, 168 (1980). It would hardly be appropriate to undo Congress' decision by reading matters of form into the substantive provisions for which statutory damages are authorized. Still, plaintiffs seek to take advantage of the enactment history by contending that the limiting language of sec.1640(a) does not apply to the more-conspicuous-disclosure requirement of sec.1632(a). Until 1980 that obligation was found only in Regulation Z. Therefore, plaintiffs insist, it could not have been among the technical violations that Congress sought to disqualify from statutory damages. One could respond that it is implausible to impute to Congress the creation of statutory damages for a formal rule added to the statute in 1980 when it was getting rid of statutory damages for other gaffes. Neither the thrust nor the parry has any pizzazz, however. Section 1640(a) says that statutory damages are available "only" for violations of enumerated subsections and rules. Section 1632(a) is not on that list. Whether Congress should have included it, or would have done so had it thought more fully, does not affect interpretation of the law it actually enacted. See West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 100-01 (1991); In re Sinclair, 870 F.2d 1340 (7th Cir. 1989). Even if its omission is a legislative oversight, the fact remains that sec.1632(a) is not on the list. Because all of the formal details prescribed by sec.1632 are "in connection with" disclosures under sec.1638, omission from the list means no statutory damages.
 
 
 15
 Plaintiffs rely heavily on two appellate decisions awarding statutory damages for violations of the more-conspicuous requirement of sec.1632(a). The first of these, Dixey v. Idaho First National Bank, 677 F.2d 749 (9th Cir. 1982) (Kennedy, J.), deals with events before the effective date of the 1980 amendments, and the court remarked that the result might well be otherwise under the revised version. 677 F.2d at 753. Herrera v. First Northern Savings & Loan Ass'n, 805 F.2d 896 (10th Cir. 1986), deals with events covered by the 1980 amendments, and thus might in principle offer the plaintiffs some comfort, but the tenth circuit did not discuss the effect of sec.1640(a). Defendant in that case relied instead on sec.1640(c), which forecloses all liability (for compensatory or statutory damages) when the violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Because the tenth circuit did not discuss the portion of sec.1640(a) that we have considered, it does not hold anything one way or the other about it. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 119 & n.29 (1984); United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37-38 & n.9 (1952). As far as we can see, our cases are the first in the nation to present the subject to a court of appeals. We hold that sec.1640(a) means what it says, that "only" violations of the subsections specifically enumerated in that clause support statutory damages, and that the TILA does not support plaintiffs' theory of derivative violations under which errors in the form of disclosure must be treated as non-disclosure of the key statutory terms.
 
 Affirmed