Clarence and Cathy **MARTIN,** on behalf of themselves and all others) similarly situated, Plaintiffs,

v.

**EQUITY ONE CONSUMER DISCOUNT COMPANY, INC., d/b/a Equity One Consumer Loan and Equity One Consumer Loan Company, Inc., Defendants.**

No. CIV.A.4:01CV0046.

United States District Court,
W.D. Virginia,
Danville Division.

March 27, 2002.

companies are subjected to as insurance car-    riers.

O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, Elmer Woodard, Danville, VA, for Plaintiffs.

Dewey Blanton Morris, Hunton & Williams, Richmond, VA, Kimberly A. Taylor, Thompson & McMullan, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

MOON, District Judge.

Plaintiffs Clarence and Cathy Martin ("The Martins") have filed this one-count class action suit under the federal Truth–in–Lending Act ("TILA") against Equity One. The Martins charge that Equity One failed to disclose that it received a commission on its sale of credit life insurance to them. In doing so, the Martins argue, Equity One violated TILA and should be liable for statutory damages.

Defendant's Motion to Dismiss shall be GRANTED.

### I. FACTS

The facts relevant to the Court's inquiry are simple and not in dispute.

On August 18, 2000, the Martins entered into a credit contract with Equity One, which provided the Martins a loan. The Martins' 1991 Jeep Cherokee served as collateral securing the Equity One loan.

According to the loan agreement prepared by Equity One, the Martins purchased credit life insurance for a premium of $92.22. While Equity One did not disclose whether it had retained any commission on that premium, the Martins allege that the corporation did. By failing to disclose that commission, the Martins assert, Equity One violated § 1638(a)(2)(B)(iii) of TILA, which provides that creditors must disclose "each amount that is or will be paid to third persons by the creditor on the consumer's behalf, together with an identification of or reference to the third person."

### II. MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)

When considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), a Court must consider all facts and reasonable inferences which may be drawn from the face of the plaintiffs' complaint to determine whether all of the required elements of the claim are present. *Oram v. Dalton,* 927 F.Supp. 180, 184 (E.D.Va. 1996) (citing *Wolman v. Tose,* 467 F.2d 29, 33 n. 5 (4th Cir.1972)). This standard means that all factual allegations in the plaintiffs' complaint must be accepted as true, *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217–18 (4th Cir. 1994), and should be construed liberally. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991). A Court may not dismiss the complaint unless it is apparent that the plaintiffs would not be entitled to relief. *Id.See also Adams v. Bain,* 697 F.2d 1213, 1216 (4th Cir.1982) ("a complaint should not be dismissed 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' " (quoting *Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir.1969)). *See also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

## III. ANALYSIS

### A. TILA Violation

While its language is cumbersome, the purpose of the Truth in Lending Act is clear: to ensure that lenders provide meaningful disclosure of credit terms to consumers who seek loans. *See* 15 U.S.C. § 1601(a). To achieve this goal, TILA requires lenders to disclose, among other things, "each *amount that is or will be paid to third persons* by the creditor on the consumer's behalf, together with an identification of, or reference to the third person." 15 U.S.C. § 1638(a)(2)(A)(iii) (emphasis added). In its regulations accompanying the statute, the Federal Reserve Board restates this provision. *See* Regulation Z, 12 C.F.R. § 226.18(c)(1)(iii).

Nevertheless, in its Official Staff Commentary to Regulation Z, the Board appears to contradict Congress' third-party disclosure requirement. The Commentary states that creditors who receive a commission for services provided by a third party, *e.g.* credit insurance, "*may* reflect that the creditor has retained a portion of the amount paid to others." *See* Official Staff Commentary, 12 C.F.R. § 226.18(c)(1)(iii)(2) (emphasis added).

■ However, while the Board's regulatory interpretation of TILA generally should be accepted by the courts, *see Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 219, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), this Court will not follow regulatory commentary when it contradicts the plain language of a federal statute. In fact, this Court has concluded previously that where an auto dealer failed to disclose that it took a commission of $165 from an insurance premium, it violated § 1638(a)(2)(B)(iii). *Compton v. Altavista Motors*, 121 F.Supp.2d 932, 936 (W.D.Va. 2000). Other courts have similarly held. *See Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283 (7th Cir.1997) (rejecting as "preposterous" the argument that the "may" language of the Staff Commentary to Regulation Z trumps the "shall" language § 1638(a)(2)(B)(iii)). *See also Jones v. Bill Heard Chevrolet, Inc.*, 212 F.3d 1356, 1362 (11th Cir.2000); *Green v. Levis Motors, Inc.* 179 F.3d 286, 293–94 (5th Cir.1999).

At the early stages in this case, the parties have engaged in little, if any, discovery. As a result, it is not surprising that the Martins have not yet shown whether a commission was paid, nor how much the commission may have cost, nor to what third party the commission may have been paid. Nevertheless, by alleging conduct that would constitute a violation under TILA, the Plaintiffs' claim may survive a Rule 12(b)(6) Motion on this issue.

### B. Damages

■ However, in their Amended Complaint, the Martins seek not actual damages, but statutory damages which, for a § 1638(a)(2)(B)(iii) violation are unavailable under TILA.

The Court begins, as it must, with the language of the statute. First, creditors who violate § 1638(a) shall be liable for statutory damages[1] pursuant to

---

1. In class actions, statutory damages consist of the following:

> [S]uch amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall be not more than the lesser of $500,000 or 1 per centum of the net worth of the creditor . . . .

> 15 U.S.C. § 1640(a)(2).

§ 1640(a)(2) *"only* for failing to comply with the requirements ... of paragraph (2) (insofar as it requires a *disclosure of the 'amount financed')* ... of section 1638(a) of this title...." (emphasis added). Simply put, plaintiffs may seek statutory damages for § 1638(a) violations only if the defendant does not disclose the "amount financed."

Therefore, the Court turns to § 1638(a) to ask whether Equity One's alleged violations relate to the disclosure of the "amount financed" and therefore trigger statutory damages.

The Martins accuse Equity One of violating § 1638(a)—specifically § 1638(a)(2)(B)(iii). § 1638(a) contains a list of all the disclosures that a creditor must make to a consumer who seeks an open end credit plan. For example, the creditor must disclose the identity of the creditor, (a)(1); the finance charge, (a)(3); and the number, amount, and due dates of payments, (a)(6).

In this case, paragraph (a)(2) is relevant to the Martins' claim. This section provides that the creditor must disclose two things: (A) the "amount financed," and (B) "a written itemization of the amount financed." The statute makes clear that the disclosure of "amount financed" is separate from the disclosure of the "written itemization." It reads, *"In conjunction with the disclosure of the amount financed,* a creditor shall provide a statement of the consumer's right to obtain ... a written itemization of the amount financed.... Upon receiving an affirmative indication, the creditor ... shall provide a written itemization of the amount financed." § 1638(a)(2)(B) (emphasis added).

This distinction is key. Plaintiffs can win statutory damages *only* if defendants violate § 1638(a)(2) "insofar as it requires a disclosure of the 'amount financed.'" § 1640(a)(2). Defendants who violate other portions of § 1638(a)(2), including § 1638(a)(2)(B)(iii), are not liable for statutory damages. *See Peters v. Jim Lupient Oldsmobile Co.,* 220 F.3d 915, 917 (8th Cir.2000) ("[T]he only remedy for a violation of § 1638(a)(2)(B)(iii) is actual damages ...."); *Rockey v. Courtesy Motors,* 199 F.R.D. 578, 590 (W.D.Mich.2001) ("Statutory damages under section 1640(a)(2) 'may be recovered only as to certain types of TILA violations, and § 1638(a)(2)(B)(iii) is not one of them.'" (citations omitted)). *See also Brown v. Payday Check Advance, Inc.,* 202 F.3d 987, 991 (7th Cir.2000).

In this case, the Martins allege that Equity One violated TILA § 1638(a)(2)(B)(iii) because the corporation failed to disclose that it kept a portion of a $92.22 credit life insurance premium as a commission. Even if the Court assumes that Equity One did just that, the Martins are not entitled to statutory damages as a result.

## IV. CONCLUSION

■ In their Amended one-count Complaint, the Plaintiffs seek only statutory damages for the Defendant's alleged violations of TILA. Fed. R. Civ. Proc. 8(a)(3) provides that a complaint must contain "a demand for judgment for the relief the pleader seeks." Since statutory damages are unavailable for violations of § 1638(a)(2)(B)(iii), Plaintiffs' Complaint seeks no valid relief, and therefore must be dismissed.

Accordingly, Defendant's Motion to Dismiss shall be, and hereby is, GRANTED.

An appropriate order shall issue.

## ORDER

For the reasons stated in the accompanying MEMORANDUM OPINION, Defendant's Motion to Dismiss shall be, and hereby is, GRANTED.

It is so ORDERED.

The Clerk of the Court is hereby directed to strike this case from the docket and send certified copies of this ORDER and MEMORANDUM OPINION to all Counsel of record.