**Angela CASTLE; Don Castle, Plaintiffs–Appellants,**

v.

**RONA ENTERPRISES, INC.; Roberto Ditommaso; Mike Ditommaso, Defendants–Appellees.**

**No. 00–4508.**

United States Court of Appeals, Sixth Circuit.

Oct. 9, 2002.

Before BATCHELDER and CLAY, Circuit Judges; and ALDRICH,* District Judge.

BATCHELDER, Circuit Judge.

Angela and Don Castle ("the Castles") appeal from the district court's order granting summary judgment on the Castles' Truth in Lending Act ("TILA") claims in favor of the defendants Rona Enterprises, Inc. ("Rona"), Roberto DiTommaso, and Mike DiTommaso. Finding no merit to their claims, we will affirm the judgment of the district court.

The Castles wanted to buy a mobile home from Rona. Mike DiTommaso—a Rona salesman—had them sign a Purchase Agreement that had favorable terms, and they made a $4000 downpayment. Nevertheless, a week later he called to inform them that the only financing obtainable had less favorable terms. The Castles then signed a second, less desirable Purchase Agreement. Part of this new agree-

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

ment was a "Special Financing Agreement," which provided that the Castles were to pay the balance of their downpayment in four installments of $525. The Castles defaulted, the lender backed out, and the Castles filed suit, seeking damages *inter alia* as a class action under TILA.

Having had the benefit of oral argument, and having carefully reviewed the record and the district court's order *de novo, see Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1472 (6th Cir.1988), we hold that the district court did not err in granting summary judgment. The district court's memorandum carefully and correctly set out the law governing the issues raised, and–except upon one point–clearly articulated the reasons underlying each of the recommendations. Consequently, we find that issuance of a full written opinion by this court would serve no useful purpose. We will, however, briefly discuss the one point upon which the district did not explain its reasoning.

One of the grounds of the Castles' claim for statutory damages was that both Purchase Agreements violated TILA's requirement that the creditor disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. § 1638(a)(6); *see also* 12 C.F.R. § 226.18(g). If Rona did violate this requirement, the Castles would be entitled to statutory damages. *See* 15 U.S.C. § 1640(a)(4). The Castles point to the fact that each Purchase Agreement stated in the middle of the page that the Castles had to make 84 payments, but two inches further down the page the Purchase Agreements disclosed that further installments were due for the downpayment (3 and 5, respectively, for a total of 87 and 89 payments); this bifurcated disclosure, they claim, violates TILA's disclosure requirement. We find, however, that the Purchase Agreements do disclose what TILA

requires: though the information is not disclosed in one figure, all of the required information is available on the Purchase Agreements, and (in the case of the second Purchase Agreement) also on the Special Financing Agreement. The Castles cite no requirement that the payment schedule be disclosed in one place or one figure, nor are we aware of any, and insofar as the Purchase Agreements' split disclosure might be construed as a violation of TILA's conspicuousity and segregation requirements, *see id.* § 1638(b)(1), this does not entitle the Castles to statutory damages. *See id.* § 1640(a)(4); *Brown v. Payday Check Advance, Inc.,* 202 F.3d 987, 991 (7th Cir.2000). The cases the Castles cite are inapposite.

Accordingly, for these reasons and the reasons stated in the district court's opinion, we **AFFIRM.**