RALPH B. GUY, JR., Circuit Judge,
concurring.
I concur in the result and write separately to further clarify the reasons for affirming the decision to grant summary judgment to Sunny Chevrolet in this action for statutory damages under the Truth In Lending Act (TILA), 15 U.S.C. § 1640(a)(2). Like the district judge, I would assume, arguendo, a violation of the form and timing requirements of 15 U.S.C. § 1638(b), and its implementing regulation, Regulation Z, 12 C.F.R. § 226.17, both because resolution of the issue is unnecessary to this appeal and because the Federal Reserve Board has revised its Official Commentary to Regulation Z in an attempt to clarify the issue. See 12 C.F.R. Part 226, Supp. I, p. 434 (2003) (“17(b) Time of Disclosures ”). I also agree that statutory damages are not available under § 1640(a)(2) for the violations alleged in this case for the reasons discussed below. I would not, however, reach the novel question of whether defendant could rely on § 1640(b) to escape damages for failure to comply with TILA’s form and timing requirements because the issue was not developed either in the district court or on appeal.
The TILA was enacted with the “broad purpose of promoting ‘the informed use of credit’ by assuring ‘meaningful disclosure of credit terms’ to consumers.” Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) (quoting 15 U.S.C. § 1601); see also Begala v. PNC Bank, Ohio Nat’l Ass’n, 163 F.3d 948, 950 (6th Cir.1998). When called upon to interpret a statute, we must review “ ‘the particular statutory language at issue, as well as the language and design of the statute as a whole.’” Walker v. Bain, 257 F.3d 660, 666-67 (6th Cir.2001) (citation omitted), cert. denied, 535 U.S. 1095, 122 S.Ct. 2291, 152 L.Ed.2d 1050 *872 (2002). We may not rely on the literal language when it would “lead to absurd results or an interpretation which is inconsistent with the intent of Congress.” Id. at 667.
TILA governs disclosures required for “closed ended” transactions (like automobile loans), dictating the substantive disclosures that must be made in 15 U.S.C. § 1638(a), the applicable form and timing requirements in 15 U.S.C. § 1638(b)(1), and the damages available for violations of those provisions in 15 U.S.C. § 1640(a).[1] The critical portions of § 1640(a) state as follows:
Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of the failure;
(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction [in statutory damages],....
... In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of ... paragraph (2) ..., (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title.
Id. (emphasis added).
The majority of decisions addressing the issue presented in this case have adopted the interpretation articulated by the Seventh Circuit in Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir.), cert. denied, 531 U.S. 820, 121 S.Ct. 61, 148 L.Ed.2d 27 (2000), which reasons that the use of the term “only” in the final sentence confines statutory damages for any violations of § 1638 (including violations of § 1638(b)(1)), to the closed list of enumerated subsections.[2] Plaintiffs urge this court to reject Brown and adopt a contrary interpretation articulated in Lozada v. Dale Baker Oldsmobile, Inc., 145 F.Supp.2d 878 (W.D.Mich.2001). See also Daenzer v. Wayland Ford, Inc., 193 F.Supp.2d 1030, 1036-37 (W.D.Mich.2002).
The district court in Lozada reasoned that the first sentence of § 1640(a) represented a broad statement that statutory damages are available for violations of “any requirement imposed” by TILA, “[e]xcept as otherwise provided.” 145 *873 F.Supp.2d at 886 (quoting § 1640(a)). As for the list of subsections in the final sentence quoted above, the court found the list was “not a positive and exclusive enumeration of provisions for which statutory-damages are provided,” but rather, a “reverse description of exceptions.” Id. As a result, the district court concluded that violators of § 1688(b) would remain subject to statutory damages because § 1638(b) is not enumerated for exception from the general rule.
While the structure of § 1640(a) makes the Lozada interpretation plausible, the language and design of these provisions convince me that the Seventh Circuit and a majority of district courts addressing the issue are correct in concluding that statutory damages are not available for violation of § 1638(b)(1). The limitation of the final sentence of § 1640(a) quoted above explicitly applies “in connection with the disclosures referred to in § 1638” — not just § 1638(a) — it also further states that statutory damages are available only for the failure to comply with the enumerated subsections of § 1638(a). This interpretation is also consistent with the legislative history concerning the addition of the final sentence, which indicates that the amendments were intended to limit a creditor’s liability for statutory penalties on “closed ended” transactions to disclosures of “the amount financed, the finance charge, the total of payments, the annual percentage rate, the number, amount and due dates of payments, any security interest taken, and, where applicable, the consumer’s right to rescission.” Kilboum, 209 F.R.D. at 127 n. 4 (quoting S.Rep. No. 96-73, at 7 (1979) (reprinted in 1980 U.S.C.C.A.N. 280, 285)). Not coincidentally, these specified disclosures correspond directly to the sections enumerated in § 1640(a).
As an alternative theory, plaintiffs contend that statutory damages are available because the failure to comply with the form and timing requirements of § 1638(b)(1) constitutes a complete failure to make any of the substantive disclosures required by § 1638(a) — including those for which statutory damages are expressly available. This argument fails to persuade as it would turn the stated congressional intent on its head. As the Brown court aptly reasoned:
[Accepting this argument would destroy the point of § 1640(a). What sense would it make to omit § 1632, § 1638(a)(1), (a)(2) (in part), (a)(7), (a)(8), (a)(10), (a)(ll), (a)(12), and all of § 1638(b), (c), and (d) from the candidates for statutory damages if they came in through the back door on the theory that all formal shortcomings infect the disclosures of the items that are on the list? Congress included some and excluded others; plaintiffs want us to turn this into universal inclusion, which would rewrite rather than interpret § 1640(a).
202 F.3d at 991. See also Kilboum, 209 F.R.D. at 127-28.

. Disclosures required for "closed ended” credit transactions include: (1) the identity of the creditor; (2) the "amount financed”; (3) the "finance charge”; (4) the "annual percentage rate”; (5) the "total payments”; (6) the number, amount, and due dates or period of payments; (7) the total sale price; (8) descriptive explanations of specified terms; and (9) where credit is secured, a statement that the security interest has been taken. 15 U.S.C. § 1638(a)(l)-(9). Further disclosures are required in certain circumstances by § 1638(a)(10)-(14). In addition to these "substantive” disclosures, the form and timing requirements of § 1638(b)(1) state that the disclosures "shall be made before the credit is extended.”

. See, e.g., Kilbourn v. Candy Ford-Mercury, Inc., 209 F.R.D. 121, 124-25 (W.D.Mich.2002); Nigh v. Koons Buick Pontiac GMC, Inc., 143 F.Supp.2d 535, 548-49 (E.D.Va. 2001); Molenbeek v. W. Mich. Auto & Truck Outlet, Inc., 2001 WL 1602654, at *5-6 (W.D.Mich. Mar. 15, 2001).