Ester **KELEN**, individually and on behalf of all others similarly situated, Plaintiff,

v.

**WORLD FINANCIAL NETWORK NATIONAL BANK,** Defendant.

**No. 10 Civ. 48(AKH).**

United States District Court, S.D. New York.

Jan. 11, 2011.

Brian Lewis Bromberg, Bromberg Law Office, P.C., Harley Jay Schnall, Law Office of Harley J. Schnall, New York, NY, for Plaintiff.

Burt M. Rublin, Ballard Spahr Andrews & Ingersoll, LLP, Philadelphia, PA, Michael John Tiffany, Leader & Berkon LLP, New York, NY, for Defendant.

## ORDER GRANTING MOTION TO DISMISS

ALVIN K. HELLERSTEIN, District Judge:

In January 2009, plaintiff Ester Kelen applied for, and defendant World Financial Network National Bank issued to her, a credit account to be used for purchases at the women's apparel chain "dressbarn." In May 2010, acting individually and on behalf of all others similarly situated, Kelen filed an amended complaint against World Financial that advances a single claim: Kelen alleges that World Financial violated the federal Truth in Lending Act by failing to make the terms "finance charge" and "annual percentage rate" appear "more conspicuous[ly] than any other required disclosure" in the initial disclosure statement provided to her when she opened her dressbarn credit account.[1] Kelen does not claim to have suffered any actual damages as a result of World Financial's alleged violation of TILA. Rather, Kelen seeks a permanent injunction and an award of the "[m]aximum statutory damages" provided for by 15 U.S.C. § 1640(a)(2). World Financial now moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Kelen cannot recover statutory damages for World Financial's alleged TILA violation. Because I conclude that World Financial's argument is correct and no legally sufficient claim can be stated, I grant its motion to dismiss.

Under TILA, Kelen's dressbarn credit account qualifies as an "open end credit plan," because it is "a plan under which the creditor," here, World Financial, "reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." 15 U.S.C. § 1602(j). Before a creditor may issue such a credit account, the creditor must disclose the terms governing the arrangement, including, for example, "[t]he conditions under which a finance charge may be imposed"; the method used to "determin[e] the balance upon which a finance charge will be imposed"; the method used to "determin[e] the amount of the finance charge"; and, "[w]here one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year." *Id.* § 1637(a)(1)-(8). These initial disclosure requirements carry out one of Congress' purposes in enacting TILA, namely, "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid

---

1. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 because Kelen's lone cause of action arises under the laws of the United States.

the uninformed use of credit." *Id.* § 1601(a).

Kelen does not allege that World Financial failed to make any of the statutorily required initial disclosures per se. Rather, Kelen alleges that World Financial violated one aspect of "Regulation Z," which consists of a series of rules that the Board of Governors of the Federal Reserve System issued to implement TILA. 12 C.F.R. § 226.1(a); *see* 15 U.S.C. § 1604(a). Kelen alleges, more specifically, that World Financial violated 12 C.F.R. § 226.5(a)(2), which establishes that the "terms *finance charge* and *annual percentage rate,* when required to be disclosed with a corresponding amount or percentage rate, shall be more conspicuous than any other required disclosure." World Financial allegedly violated this component of Regulation Z by making the terms "finance charge" and "annual percentage rate" equally as conspicuous—boldfaced and in all capital letters—as certain other terms, e.g., "other charges" and "security interest," in the initial disclosure statement associated with Kelen's dressbarn credit account.

Regulation Z's requirement that the terms "finance charge" and "annual percentage rate" be more conspicuous than other terms corresponds with a TILA provision codified at 15 U.S.C. § 1632(a). That statutory subsection provides, in relevant part, that the "terms 'annual percentage rate' and 'finance charge' shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor." Between the two, Regulation Z's "more conspicuous" requirement came first, as Congress amended § 1632(a) in 1980 to "incorporate[ ] Regulation Z's requirement." S.Rep. No. 96–73 (1979).

Kelen's claim for statutory damages falters because World Financial's alleged violation is not one that Congress has chosen to remedy through an award of statutory damages. *See Turk v. Chase Manhattan Bank USA, N.A.,* No. 00 Civ. 1573(CM)(GAY), 2001 WL 736814, at *2, 2001 U.S. Dist. LEXIS 8862, at *7 (S.D.N.Y. June 11, 2001). In limiting the availability of statutory damages, TILA provides that, "[i]n connection with the disclosures referred to in" 15 U.S.C. § 1637(a), which, as discussed, sets forth the initial disclosures required for open end credit plans,

> a creditor shall have a liability determined ... only for failing to comply with the requirements of [15 U.S.C. § 1635], [15 U.S.C. § 1637(a) ], or any of paragraphs (4) through (13) of [15 U.S.C. § 1637(b) ], or for failing to comply with disclosure requirements under State law for any term or item that the Board has determined to be substantially the same in meaning under [15 U.S.C. § 1610(a)(2) ] as any of the terms or items referred to in [15 U.S.C. § 1637(a) ], or any of paragraphs (4) through (13) of [15 U.S.C. § 1637(b) ].

15 U.S.C. § 1640(a). Subsection 1632(a) and 12 C.F.R. § 226.5(a)(2), establishing the "more conspicuous" requirement, are conspicuously absent from § 1640(a)'s list of violations that support an award of statutory damages under the circumstances presented here. "Section 1640(a) says that statutory damages are available 'only' for violations of enumerated subsections and rules," and "[§ ] 1632(a) is not on that list," nor is 12 C.F.R. § 226.5(a)(2). *Brown v. Payday Check Advance, Inc.,* 202 F.3d 987, 991–92 (7th Cir.2000). Therefore, the inclusion of the word "only" in § 1640(a) "is conclusive against [Kelen], for it confines statutory damages to a closed list." *Id.* at 991. Because Kelen cannot recover statutory damages for World Financial's alleged violation, and be-

cause she has not alleged actual damages, she does not state a claim upon which relief may be granted. *Turk*, 2001 WL 736814, at *2, 2001 U.S. Dist. LEXIS 8862, at *7; *cf. McDonald v. Checks–N–Advance, Inc. (In re Ferrell)*, 539 F.3d 1186, 1192 (9th Cir.2008); *Warburton v. Foxtons, Inc.*, No. 04–2474(FLW), 2005 WL 1398512, at *9, 2005 U.S. Dist. LEXIS 39615, at *30–31 (D.N.J. June 13, 2005).

Kelen tries to avoid this conclusion by arguing that her claim arises, not under § 1632(a), but rather under § 1637(a), a provision the violation of which *does* support an award of statutory damages. Kelen appears to argue that the Board of Governors of the Federal Reserve System, in adopting Regulation Z's "more conspicuous" requirement, were implementing the account-opening disclosure requirements set forth by Congress in § 1637(a). In other words, Kelen appears to argue that § 1637(a) implicitly incorporates Regulation Z's "more conspicuous" requirement, such that World Financial's alleged violation of 12 C.F.R. § 226.5(a)(2) "constitutes failure to comply with the requirements of § 1637(a) alone." Pl.'s Mem. of Law in Opp'n 6. However, § 1637(a), in requiring creditors to make certain account-opening disclosures, does not expressly require that particular terms appear more conspicuously than others. And to read Regulation Z's "more conspicuous" requirement into § 1637(a), and to allow the recovery of statutory damages for a violation thereof, would be to flaunt congressional intent. As the Seventh Circuit, rejecting a similar argument in an analogous context, explained:

> The portion of [§ ] 1640(a) that we have been considering was added to the TILA in 1980 to curtail damages awards for picky and inconsequential formal errors. It would hardly be appropriate to undo Congress' decision by reading matters of form into the substantive provi-

sions for which statutory damages *are* authorized.

*Brown*, 202 F.3d at 991 (emphasis added). The Seventh Circuit concluded that "[§ ] 1640(a) means what it says, that 'only' violations of the subsections specifically enumerated in that clause support statutory damages, and that the TILA does not support [the] theory of derivative violations under which errors in the *form* of disclosure must be treated as non-disclosure of the key statutory terms." *Id.* at 992. Thus, Kelen's efforts to shoehorn her claim under Regulation Z into a violation of § 1637(a) are unavailing.

Kelen also argues that the "violation of a regulation implementing TILA can trigger statutory damages under § 1640(a)(2) even when the regulation imposes a requirement not imposed by the statute it implements, and even if the requirement speaks to 'form.'" Pl.'s Mem. of Law in Opp'n 6 n. 4. However, this argument ignores the plain language of § 1640(a), which explicitly limits the avenues for recovery of statutory damages under TILA.

As to the equitable relief that Kelen seeks, "[t]o obtain a permanent injunction, a plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir.2006) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir.1989)). Kelen does not claim to have suffered any actual injury as a result of World Financial's alleged violation of TILA. Nor does Kelen allege that she would suffer any injury whatsoever, let alone an irreparable harm, if a permanent injunction were not granted. As a result, Kelen's request for injunctive relief lacks any support in the allegations of her amended complaint.

Because Kelen is not entitled to any of the relief she seeks, I grant World Financial's motion to dismiss in full. The Clerk shall enter judgment dismissing the complaint with prejudice and with costs in favor of defendant.

The oral argument scheduled for January 12, 2011, is hereby cancelled.

The Clerk shall mark the motion (Doc. No. 22) terminated and the case closed.

SO ORDERED.