289 F.3d 1155
 In re Geraldine Kay SMITH, Debtor.
Gold Country Lenders, Appellant,
v.
Geraldine Kay Smith, Appellee.
In re Geraldine Kay Smith, Debtor.
Geraldine Kay Smith, Appellant,
v.
Gold Country Lenders, Appellee.
 No. 00-36014.
 No. 00-36032.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 2002.
 Filed May 16, 2002.
 
 Howard S. Lichtig, Port Orford, OR, for the appellant.
 Geraldine Kay Smith, Pro Se, Ashland, OR, for the appellee.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, Ryan, Klein, and MacDonald, Bankruptcy Judges, Presiding. BAP Nos. OR-99-1543-RyKM, OR-99-01542-RyKM.
 Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Debtor Geraldine Smith cross-appeals a decision by the Bankruptcy Appellate Panel ("BAP") denying her claim for actual damages as a result of Gold Country Lenders's violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.
 
 
 2
 We have jurisdiction pursuant to 28 U.S.C. § 158(d), and review the decision of the BAP de novo. Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.), 210 F.3d 999, 1001 (9th Cir.2000). For the reasons assigned, we affirm.
 
 
 3
 In June 1994, Smith borrowed $28,000 through Gold Country and executed a $28,000 note and deed of trust on a California property. That same day Smith also executed a cross-collateral installment note to Gold Country for $43,000 at 12% interest and a cross-collateral deed of trust recorded against real property Smith owned in Oregon as additional security.
 
 
 4
 The bankruptcy court found that Gold Country violated 15 U.S.C. § 1638(a)(3) & (4), when, acting as a creditor, it failed to conspicuously disclose and define the "finance charge" and "annual percentage rate" (designated as such) in any of the documents executed in the June 1994 transaction. The court found that these violations subjected Gold Country to civil liability. However, the court also found that while Smith was entitled to $1000 in statutory damages, the maximum allowed by statute at that time, 15 U.S.C. § 1640(a)(2)(A), she failed to show, and was therefore not entitled to, any actual damages under 15 U.S.C. § 1640(a)(1).[1]
 
 
 5
 The BAP agreed, holding that where "a debtor cannot establish that he or she would have either gotten a better interest rate or foregone the loan completely, then no actual loss is suffered." Because Smith failed to prove detrimental reliance on the financing terms offered by the creditor, the BAP affirmed the bankruptcy court's denial of her claim for actual damages.
 
 
 6
 The bankruptcy court and the BAP relied on cases from other circuits holding that such detrimental reliance must be shown in order to receive an award for actual damages. Circuit courts that have decided the issue have held that detrimental reliance is an element of a TILA claim for actual damages. See, e.g., Turner v. Beneficial Corp., 242 F.3d 1023, 1028 (11th Cir.2001) (en banc); Perrone v. General Motors Acceptance Corp., 232 F.3d 433, 436-40 (5th Cir.2000); Stout v. J.D. Byrider, 228 F.3d 709, 718 (6th Cir.2000); Peters v. Jim Lupient Oldsmobile, Co., 220 F.3d 915, 917 (8th Cir.2000).
 
 
 7
 We join with other circuits and hold that in order to receive actual damages for a TILA violation, i.e., "an amount awarded to a complainant to compensate for a proven injury or loss," Black's Law Dictionary 394 (7th ed.1999) (emphasis added), a borrower must establish detrimental reliance. Without any evidence in the record to show that Smith would either have secured a better interest rate elsewhere, or foregone the loan completely, her argument must fail — she presents no proof of any detrimental reliance, i.e., any actual damage. Accordingly, we affirm the judgment of the BAP denying Smith's claim for actual damages.
 
 
 8
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 "Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person in an amount equal to ... (1) any actual damage sustained by such person as a result of the failure;...." 15 U.S.C. § 1640(a)(1)