**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTINE A. CUMMINGS; JANET
TAYLOR DARVAS; RICHARD K.
DEHART; CHRISTOPHER GARBANI;
PATRICIA A. MCCUMSEY; DANIEL
NOWALIS; CLAUDIA STEWART,
            *Plaintiffs-Appellants,*

            and

MONA YASSA,
                        *Plaintiff,*

            v.                                    No. 03-17095

KATHLEEN CONNELL, Controller,           D.C. No.
State of California; MARTY             CV-99-02176-WBS
MORGENSTERN, Director California
Department of Personnel
Administration; CALIFORNIA STATE
EMPLOYEES ASSOCIATION, LOCAL
1000; LOCAL 1000 SERVICE
EMPLOYEES INTERNATIONAL UNION,
AFL-CIO-CLC,
            *Defendants-Appellees.*

5255

CHRISTINE A. CUMMINGS; JANET
TAYLOR DARVAS; RICHARD K.
DEHART; CHRISTOPHER GARBANI;
PATRICIA A. MCCUMSEY; DANIEL
NOWALIS; CLAUDIA STEWART; MONA
YASSA,
                    *Plaintiffs-Appellees,*

                    v.

KATHLEEN CONNELL, Controller,
State of California; MARTY                    No. 04-15154
MORGENSTERN, Director California              D.C. No.
Department of Personnel                       CV-99-02176-WBS
Administration,
                    *Defendants,*

                    and

CALIFORNIA STATE EMPLOYEES
ASSOCIATION, LOCAL 1000; LOCAL
1000 SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO-
CLC,
                    *Defendants-Appellants.*

CHRISTINE A. CUMMINGS; JANET
TAYLOR DARVAS; RICHARD K.
DEHART; CHRISTOPHER GARBANI;
PATRICIA A. MCCUMSEY; DANIEL
NOWALIS; CLAUDIA STEWART,
            *Plaintiffs-Appellants,*

            and

MONA YASSA,

                        *Plaintiff,*

            v.

KATHLEEN CONNELL, Controller,
State of California; MARTY
MORGENSTERN, Director California
Department of Personnel
Administration; CALIFORNIA STATE
EMPLOYEES ASSOCIATION, LOCAL
1000; LOCAL 1000 SERVICE
EMPLOYEES INTERNATIONAL UNION,
AFL-CIO-CLC,
            *Defendants-Appellees.*

No. 04-15186

D.C. No.
CV-99-02176-WBS

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Chief Judge, Presiding

Argued and Submitted
February 14, 2005—San Francisco, California

Filed March 29, 2005
Amended May 17, 2005

Before: Arthur L. Alarcón, Eugene E. Siler, Jr.,* and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Silverman

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

## COUNSEL

Jeffrey B. Demain and Eileen B. Goldsmith, Altshuler, Berzon, Nussbaum, Rubin & Demain, San Francisco, California, for the defendant-appellee/appellant/cross-appellee.

W. James Young, National Right to Work Legal Defense Foundation, Inc., Springfield, Virginia, for the plaintiffs-appellants/appellees/cross-appellants.

## ORDER

The Opinion filed on March 29, 2005, slip op. 3761, is amended as follows:

At slip op. 3781, in the last paragraph, change "The parties shall bear their own fees, expenses and costs incurred in this appeal." to "The parties shall bear their own costs incurred in this appeal."

The Petition For Rehearing and/or Suggestion for Rehearing En Banc filed by Plaintiffs-Appellants/Appellees/Cross-Appellants Christine Cummings et al. remains pending. The Court will not entertain further Petitions for Rehearing.

## OPINION

SILVERMAN, Circuit Judge:

We hold today that when nominal damages are awarded in a civil rights class action, every member of the class whose

constitutional rights were violated is entitled to nominal damages. An award of nominal damages to only the named class representatives fails to appreciate the difference between a class action and a conventional lawsuit.

We also hold that, pursuant to Ninth Circuit Rule 39-1.6, a request for attorney's fees incurred on appeal must be made to us, not to the district court. The district court is not authorized to award attorney's fees for an appeal unless we transfer the fee request to the district court for consideration.

## I.   Facts

This is the second time this case has been on appeal. A detailed description of the facts underlying this case is set out in *Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ("*Cummings I*"). We briefly summarize them here. Defendant California State Employees Association, Local 1000, Service Employees International Union, AFL-CIO-CLC is the exclusive representative for nine bargaining units of California state employees. The seven named plaintiffs are nonunion employees of the State of California. Although the plaintiffs have no affiliation with the Union, the state deducts agency "fair share" fees from their paychecks to cover their share of the collective bargaining process between the state and the Union.[1] Plaintiffs brought a class action pursuant to 42 U.S.C. § 1983 on behalf of 37,000 nonunion members alleging that the Union was improperly withholding the agency fees without providing the procedural safeguards mandated by the

---

[1]Because all employees benefit from a union's representation during the collective bargaining process, the Supreme Court has held that nonunion members constitutionally may be compelled to contribute their pro rata share of the costs incurred in obtaining the benefits of representation. *See Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 221-23 (1977); *see also Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F. 3d 1036, 1038 (9th Cir. 2004) ("A union that represents employees in a collective-bargaining unit has a legal obligation to represent equally all employees in the bargaining unit, whether or not they are members of the union.").

Supreme Court in *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).[2] The district court certified the class[3] and ultimately determined that the notices were indeed deficient under *Hudson*. The court ordered the Union to refund the nonchargeable portion of the fee to all fee payers, including those who did not object to any of the notices. This restitution award came to approximately $3 million dollars. The court also awarded plaintiffs' attorneys' fees and costs of nearly $100,000.

In *Cummings I*, we affirmed the district court's certification of the class. We also affirmed the court's ruling that the Union's first *Hudson* notice was defective for failing to include verifications of the withholding calculations. However, we reversed as over-broad the award of restitution of the nonchargeable portion of the fee to all class members, including to those who did not object to any of the notices. We said:

> We agree with the Union, however, that the district court went too far in ordering partial restitution to all class members. Ordinarily, if there is a proper *Hudson* notice, the employee has the burden to object to paying the full nonmember fee, and only then is enti-

---

[2] Both federal and California law entitle nonunion members to a refund, upon request, of that portion of the fair share fee that is not related to the union's representational activities. *See Hudson*, 475 U.S. at 301-02 (holding that nonunion members "have a constitutional right to prevent the Union's spending a part of their required service fees to contribute to political candidates and to express political views unrelated to its duties as exclusive bargaining representative."); *see also* Cal. Gov't Code § 3515.8. To facilitate this option, the union must provide fee payers with "an adequate explanation of the basis for the fee." *Hudson*, 475 U.S. 310.

[3] The court certified the class as constituting "All former, current, and future State of California employees employed in Bargaining Units 1, 3, 4, 11, 14, 15, 17, 20, and 21 who are, have been, or will be represented exclusively for purposes of collective bargaining by CSEA, but who are not, were not, or will not be members of CSEA, and were (after 2 March 1999), are, and/or will be nevertheless required to pay agency fees to CSEA as a condition of continued State employment."

tled to a refund of the nonchargeable portion of the fee.

* * *

In this case, the nonmembers all eventually received notices with sufficient information under *Hudson*, and a renewed opportunity to object and receive their money back with interest. We fail to see how plaintiffs suffered any compensable harm (aside from nominal damages) from the initial defective notice.

* * *

On remand, the district court should reconsider the issue of attorneys' fees and costs to determine whether further reduction is appropriate in light of our decision regarding the proper remedy for the *Hudson* violation.

316 F.3d at 894, 895, 898 (citations omitted).

On remand, the district court made two rulings that are now before us on appeal. The first one concerned the award of nominal damages. The court ruled that in light of our opinion in *Cummings I* "the issue of whether plaintiffs suffered an injury entitling them to nominal damages is not a matter of dispute." 281 F. Supp. 2d at 1191. What remained to be resolved was *which* plaintiffs should receive those damages — each of the 37,000 class members or just the seven class representatives? — and also the *amount* of nominal damages to be awarded — $1.00 per person or $17.00 per person? In the end, the district court ruled that only the seven named class representatives were each entitled to the one dollar nominal damages award, not each class member. The court additionally declined to grant a separate nominal damage award for each of the seventeen alleged acts of the same constitutional violation. The total damage award against the Union

was $7.00. Plaintiffs appeal both the failure to award nominal damages to each class member, and the amount awarded per person.

The second one concerned attorney's fees. Following the entry of the amended judgment, plaintiffs renewed their request for attorneys' fees and costs, seeking roughly $194,237. After taking into consideration plaintiffs' limited success on appeal and deducting all fees associated with the unsuccessful chargeability cause of action, the court awarded a total of $94,369.42. This figure represented approximately $65,052 for attorneys' fees and costs incurred in the district court for the pre- and post-appeal phases of the case. Of particular significance, it also included approximately $29,318 for fees and expenses incurred on appeal. The parties cross-appeal the fees and costs order.

## II. Discussion

## A. Nominal Damages Award

### (1) Award of Nominal Damages to Class Representatives vs. All Class Members

The district court declined to award each class member $1.00 because the total award against the Union would be $37,000, which the court found to be substantial.[4] As already mentioned, the court awarded a total of $7.00, $1.00 to each of the class representatives. Plaintiffs contend that each member of the plaintiff class had been subjected to a constitutional violation, and thus each member should receive nominal dam-

---

[4]The court additionally "considered and rejected the idea of awarding nominal damages of something less than $1.00 to each class member. E.g. an award of 1 cent per class member would result in a total award of only $370. However, it would cost defendants as much to cut 37,000 checks for $.01 each as it would to cut 37,000 checks for $1.00 each, and the court believes that an award of one penny would more trivialize plaintiffs' constitutional rights than vindicate them."

ages; to do otherwise, fails to vindicate the rights of the other class members and disregards the purpose of class action litigation. The Union counters that where, as here, the plaintiff class is large, awarding even a $1.00 to each class member offends the purpose underlying nominal damages.

[1] Under § 1983, damages for violations of constitutional rights are determined according to principles derived from the common law of torts. *See*, *e.g.*, *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986); *Carey v. Piphus*, 435 U.S. 247, 253 (1978). Damages are commonly understood to compensate a party for loss or harm sustained. Nominal damages, however, serve a separate function. As distinguished from punitive and compensatory damages, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury.

> Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of right.

*Carey*, 435 U.S. at 266. Nominal damages, as the term implies, are in name only and customarily are defined as a mere token or "trifling." *See*, *e.g.*, *id*. at 267; *Magnett v. Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973) (per curiam). Although the amount of damages awarded is not limited to one dollar, the nature of the award compels that the amount be minimal. *See Romano v. U-Haul Intern.*, 233 F.3d 655, 671 (1st Cir.

2000). Nominal damages serve one other function, to clarify the identity of the prevailing party for the purposes of awarding attorney's fees and costs in appropriate cases. *Cf. Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (stating that "a plaintiff who wins nominal damages is a prevailing party under § 1988").

*Cummings I* established that only *nominal* damages should have been awarded. However, on remand, the question remained "nominal damages awarded to whom?" Each class member? Or just the seven named class representatives?

In *Harrington v. City of Albuquerque*, 329 F. Supp. 2d 1237 (D. N.M. 2004), the district court awarded nominal damages after finding that the union failed to provide constitutionally sufficient *Hudson* notices. *Id.* at 1240. The plaintiffs sought "partial summary judgment awarding nominal damages for each named plaintiff and each class member." *Id.* at 1241. The union conceded that the named plaintiffs were entitled to nominal damages, but, "having opposed Plaintiffs' motion for class certification, oppose[d] awarding damages to each class member." *Id.* The court rejected the union's argument because it had already determined that the class was properly certified. No other objection being discussed, the court awarded the "entire class of Plaintiffs . . . nominal damages in the amount of one dollar per person." *Id.* The class comprised approximately 300 members, *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 509 (D. N.M. 2004).

In *Hohe v. Casey*, 956 F.2d 399, 415-16 (3d Cir. 1992), yet another *Hudson* notice violation case, the Third Circuit affirmed "the district court's award of $1.00 nominal damage to each nonmember," because it had been established that constitutionally inadequate procedures were used in imposing the fair share fee. The plaintiff class was comprised of roughly 18,000 members, *id.* at 402, making the total nominal damage award approximately $18,000.

On the other hand, there are cases where the court granted the damages award to "the class," as opposed to each class member, as if "the class" existed as a distinct entity like a corporation or partnership. In *Norwood v. Bain*, 166 F.3d 243, 245 (4th Cir. 1999) (per curiam / en banc), the Fourth Circuit sitting en banc remanded a § 1983 class action to the district court with instructions to enter judgment "that includes an award of nominal damages to the plaintiff class against [defendants] not exceeding $1.00." The court in *Alexander v. Polk*, 572 F. Supp. 605, 623 (E.D. Pa. 1983), followed suit awarding $1.00 in nominal damages to the entire plaintiff class in a § 1983 case. The court additionally awarded $1.00 in nominal damages individually to a plaintiff who was not a member of the class. *Id*. The Third Circuit affirmed the nominal damage award to the individual non-class member and remanded the class award to the district court for consideration of whether compensatory damages, in lieu of nominal damages, were appropriate. *Alexander v. Polk*, 750 F.2d 250, 265 (3d Cir. 1984). *See also Davenport v. DeRobertis*, 653 F. Supp. 649 (N.D. Ill. 1987) (approving jury's award of $1.00 in nominal damages to each of the named plaintiffs in prisoner class action suit).

Finally, adding to the mix, is the apparently atypical position taken by the court in *Callahan v. Sanders*, 339 F. Supp. 814 (M.D. Ala. 1971), denying any award of nominal damages because of the enormous size of the plaintiff class. Plaintiffs filed a § 1983 suit against the Alabama justices of the peace alleging imposition of fines in violation of due process and the Alabama highway laws. The court determined that the defendants' conduct resulted in constitutional deprivations, but found that plaintiffs failed to sustain actual injury. The court, after recognizing the availability of nominal damages, refrained from awarding *any* damages because the class was large. The Fifth Circuit affirmed. *Callahan v. Wallace*, 466 F.2d 59, 62 (5th Cir. 1972).

**[2]** We agree with the approach taken by the courts that have recognized that each class member whose constitutional

rights were violated is entitled to nominal damages. Once a class has been certified, there is no justification for awarding nominal damages to only the named class representatives. Class action litigation is a procedural mechanism designed to join multiple parties with similar or identical claims, so that they may seek redress in an efficient and expeditious manner. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 781 (9th Cir. 1994).

One of the goals of class action litigation is to save the resources of both the courts and the parties "by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). This is accomplished in part by allowing the class to proceed on a representative basis; a class representative functions as a stand-in for the entire class and assumes duties on behalf of the class. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (acknowledging that class actions present the exception to the rule that litigation is to be conducted by and on behalf of the individually named parties). Nevertheless, while class representatives stand in the stead of their fellow class members, Rule 23 recognizes that the absent class members' rights must be scrupulously observed. Fed. R. Civ. P. 23 (requiring that the class representative fairly and adequately represent the interests of the absent class members).

**[3]** Where a plaintiff proves a violation of constitutional rights, nominal damages must be awarded as a matter of law. *Schneider v. County of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002). Every member of the plaintiff class was entitled to the *Hudson* procedural safeguards; every member of the class received the same inadequate *Hudson* notice sent by the Union; every member of the class suffered the same deprivation of rights. And it follows that every member is entitled to nominal damages, just as if each one had brought his or her own lawsuit. It is axiomatic that Rule 23 cannot "abridge, enlarge or modify any substantive right" of any party to the

litigation. 28 U.S.C. § 2072. Consequently, the mere fact that a case is proceeding as a class action does not allow the district court to vindicate the rights of the individually named plaintiffs differently as compared to the absent class plaintiffs.

We are unpersuaded by the Union's assertion that the class representative's function is to act as the symbol of the entire class, and in such a capacity, is appropriately awarded the symbolic $1.00 on behalf of the entire class. Awarding nominal damages to only the named class representatives results in a divergence of interests between the class representatives and the absent class members. This is in direct contravention of Rule 23.

Finally, and perhaps most importantly, the Union's assertion that only the class representatives should receive the damage award fails to appreciate the significance attached to the fact that a class was certified. The purpose of a class action is to obviate the need for all similarly situated persons to file separate lawsuits when impractical to do so. This purpose is defeated if only the named individuals recover nominal damages. It would also create the anomalous situation in which class members would be bound by a judgment if they lose, but can receive no individual vindication if they win.

**[4]** Balancing the goals of class action litigation to make multi-party litigation expeditious and economic with the purpose underlying nominal damages to vindicate injury not resulting in actual harm, we conclude the district court erred by awarding damages to only the class representatives to the exclusion of the absent class members.

### (2) Discrete Acts vs. General Nominal Damages Award

Plaintiffs also take issue with the district court's refusal to award separate nominal damages of $1.00 for each of the seventeen acts that resulted in a constitutional violation of the

nonmembers' rights. Plaintiffs maintain that it was the involuntary taking of the nonmembers' wages that resulted in a violation of the employees' constitutional rights, and accordingly, each separate seizure must be remedied by a separate award of nominal damages — in this case totaling not $1.00, but $17.00 per person.

**[5]** In *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), prison inmates filed suit pursuant to § 1983 challenging the constitutionality of procedures used by the Illinois Department of Corrections to conduct disciplinary hearings. Following the district court's award of nominal damages, one of the plaintiffs asserted that he should receive $1.00 for each of the 11 separate violations of his procedural due process rights. *Id*. at 1119. The Seventh Circuit rejected that argument concluding that:

> Nominal damages are not compensation for loss or injury, but rather recognition of a violation of rights. Nominal damages do not measure anything. The plaintiff's argument must be rejected; we will not disturb the district court's decision to award only $1 nominal damages.

*Id*. This reasoning is persuasive. An award of nominal damages is intended to serve as a symbol that defendant's conduct resulted in a technical, as opposed to injurious, violation of plaintiff's rights. *Carey*, 435 U.S. at 266-67. Nominal damages are not intended to compensate a plaintiff for injuries, nor to act as a measure of the severity of a defendant's wrongful conduct. Recovery of nominal damages is important not for the amount of the award, but for the fact of the award. Indeed, nominal damages do not measure anything. As a consequence of the present lawsuit, plaintiffs' true relief is twofold: (1) "the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated," *Hewitt v. Helms*, 482 U.S. 755, 761-62 (1987); and (2) an enforceable judgment requiring the alteration of defendant's behavior

to plaintiffs' benefit. Accordingly, there is no justification for calculating an award of nominal damages on the basis of the number of times the defendant violated plaintiff's rights.

Nominal damages exist as a purely "symbolic vindication of [a] constitutional right." *Schneider*, 285 F.3d at 794 (quoting *Floyd v. Laws*, 929 F.2d 1390, 1401 (9th Cir. 1991)). Applying plaintiffs' approach converts the damage award into something more akin to compensatory damages. As the court in *Redding* acknowledged, multiple incidents in a continuing constitutional violation are not separately compensable by means of nominal damages. We adopt the reasoning of the Seventh Circuit as articulated in *Redding* and affirm the district court's nominal damage award.

## B. Attorneys' Fees and Costs

**[6]** Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, a district court has the authority to award reasonable attorney's fees to the prevailing party in a § 1983 case. *City of Riverside v. Rivera*, 477 U.S. 561, 567 (1986). A party need not prevail on all issues litigated, but must succeed on at least some of the merits. *Id*. at 570. The availability of attorney's fees and costs pursuant to § 1988 was not contested before the district court; rather the court was faced with deciding what amount constitutes "reasonable attorney's fees" in this case.

Following entry of the nominal damages award on remand, plaintiffs filed a request for attorneys' fees and cost for work performed during: (1) the pre-appeal district court proceedings, (2) the appeal before this Court in *Cummings I*, and (3) all post-appeal proceedings. Plaintiffs requested a total amount of $194,236.69. The Union objected, and suggested that $6,753 was reasonable. The district court ultimately granted plaintiffs a total award of $94,369.42, after taking into consideration plaintiffs' limited success on appeal, and deducting all fees associated with the chargeability claim.

Both parties oppose the court's award on a handful of grounds.

### (1) Attorneys' Fees and Expenses Incurred Before the District Court

[7] A plaintiff requesting attorney's fees pursuant to § 1988 must demonstrate that it is the "prevailing party" to support such a request. The Supreme Court has clarified that "a plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

[8] While the symbolic nature of a nominal damages award does not undercut a plaintiff's prevailing party status, "it does bear on the propriety of fees awarded under § 1988." *Id.* at 114, 115. One of the most critical factors guiding a district court's 'reasonableness of fees' determination is "the degree of success obtained." *Hensley*, 461 U.S. at 436. This may be particularly true where only nominal damages are assessed. "That the plaintiff is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1403 (9th Cir. 1993) (recognizing that in awarding attorney's fees pursuant to § 1988 "[a] determination that a party has prevailed . . . does not preclude a determination that the prevailing party, nonetheless, has achieved partial or limited rather than complete success").

In *Farrar*, the Supreme Court addressed the reasonableness of fees awarded pursuant to § 1988 in a case where plaintiffs sought $17 million in compensatory damages and received only one dollar in nominal damages. The Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115 (internal citation omitted). In such a case, the guiding consideration for the district court is the difference between the damages sought and the amount recov-

ered. *Id.* "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying the number of hours reasonably expended . . . by a reasonable hourly rate." *Id.* (internal citation and quotation omitted). Justice O'Connor, in her concurrence, identified two additional factors that merit consideration when determining the degree of the plaintiff's success: "the significance of the legal issue on which the plaintiff claims to have prevailed" and whether the plaintiff's success "also accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Id*. at 121-22 (O'Connor concurring).

Where the district court properly has weighed the foregoing factors, the resulting award is not an abuse of its discretion. *Cf. Norris v. Sysco Corp*., 191 F.3d 1043, 1051-52 (9th Cir. 1999) (finding no abuse of discretion in fee award "[a]s long as all facets of a case are considered"). We stress, however, that it is vital that the court provide "some indication or explanation of how [it] arrived at the amount of fees awarded." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987); *see also Hensley*, 461 U.S. at 437 ("It remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award."). Moreover, when confronted with an objection on the basis of the limited nature of relief obtained by the plaintiff, "the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.

[9] The district court expressly premised its award of attorneys' fees on plaintiffs' recovery of only $7.00. In light of our holding on the nominal damages issue, we remand for recalculation of the portions of the fee award that are related to pre-trial and post-remand work performed before the district court.

## (2) Attorneys' Fees and Expenses Incurred On Appeal

[10] The Union contends that the district court's award of attorneys' fees and expenses for services rendered in the previous appeal, *Cummings I*, should be reversed because plaintiffs failed to file their request with the court of appeals as required by Ninth Circuit Rule 39-1.6. We agree.

Ninth Circuit Rule 39-1.6 states that

> a request for attorneys fees . . . shall be filed with the Clerk . . . within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed, unless a timely petition for rehearing or suggestion for rehearing en banc is filed.

Plaintiffs' application for attorneys' fees and expenses incurred on appeal in *Cummings I* should have been filed with the Clerk of the Ninth Circuit. Ninth Circuit Rule 39-1.8[5] authorizes us to transfer a timely-filed fees-on-appeal request to the district court for consideration, but the decision to permit the district court to handle the matter rests with the court of appeals. In the absence of such a transfer, the district court was not authorized to rule on the request for appellate attorney's fees. *Cf. Martin v. Nickels & Dimes, Inc.*, 804 F. Supp. 83 (D. Hi. 1992).[6] Accordingly, we reverse the award of attorneys' fees incurred on appeal.

---

[5]Ninth Circuit Rule 39-1.8 states:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

[6]We also note that plaintiffs' request was filed way out of time — nine months after time for filing a petition for rehearing or suggestion for rehearing en banc had expired. *See* Ninth Cir. Rule 39-1.6.

## III.    Conclusion

We reverse the district court's award of nominal damages and remand for the court to issue a new nominal damages award consistent with this opinion. In addition, we reverse the district court's award of attorneys' fees and costs incurred during the first appeal. Finally, we reverse the award of attorneys' fees and costs incurred during the district court portion of the proceedings, and remand for redetermination in light of the new nominal damages award.

The parties shall bear their own costs incurred in this appeal.

**REVERSED and REMANDED.**