James R. MOORE, Plaintiff—Appellee,

v.

BANK OF AMERICA N.A. (USA), Defendant—Appellant.

No. 05–56702.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Aug. 14, 2007.

Jenelle Welling, Esq., Green Welling, LLP, San Francisco, CA, for Plaintiff–Appellee.

Robert S. Green, Esq., Green Welling, LLP, San Francisco, CA.

Jonathan D. Fink, Esq., Abraham J. Colman, Scott Jacobs, Esq., Margaret Grignon, Reed Smith LLP, Buchalter Nemer, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, BERZON, and IKUTA, Circuit Judges.

## MEMORANDUM *

This case arises from a dispute over a charge for a partially unused airplane ticket that James Moore purchased with his Bank of America credit card for $213.75. Moore alleged that Bank of America's ("BofA") manner of addressing and reporting the disputed charge violated several provisions of federal and state law. The parties eventually settled the matter out of court, with an agreement that provided that "[s]olely for the purpose of deciding Moore's claim for reimbursement of attorneys' fees, BofA agrees that Moore is deemed to be the prevailing party only on his claim against BofA pursuant to 15 U.S.C. § 1666a(b)." BofA now appeals the district court's award of $390,765.79 in attorneys' fees and costs to Moore. We conclude that the district court did not abuse its discretion in determining the amount of the fee award. *See Lytle v. Carl,* 382 F.3d 978, 982 (9th Cir.2004).

Parties who prevail on claims pursuant to 15 U.S.C. § 1666a(b) are entitled to litigation costs and reasonable attorneys' fees. 15 U.S.C. § 1640(a)(3). The parties do not dispute that in accordance with their settlement agreement, Moore should be considered the prevailing party.

The district court properly applied the "lodestar" method to evaluate Moore's fees claim, by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, and then addressing the parties' arguments about whether that figure should be adjusted further. *See generally Caudle v. Bristow Optical Co.,* 224 F.3d 1014, 1028–29 (9th

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2000). In doing so, the court provided more than enough explanation of its analysis. *See generally Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir.1992) (requiring district courts to explain fee awards with "something more than a bald, unsupported amount"). In particular, the district court's determination that BofA "sternly fought plaintiff every step of the way" is supported by the record. The district court was therefore well within its discretion in finding that Moore appropriately continued litigating the case during its final months. Furthermore, Moore's fee request was discounted to account for claims unrelated to the one on which he prevailed. *See Thorne v. City of El Segundo,* 802 F.2d 1131, 1141 (9th Cir.1986). And, because the fee request did not include fees for a substantial period of the time before the First Amended Complaint was filed by new counsel, the lodestar calculation was, if anything, substantially lower than the record might support.

■ With regard to Moore's degree of success, *see Hensley v. Eckerhart,* 461 U.S. 424, 435–36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the district court properly considered the $1000 award Moore received in the settlement more than a de minimis or nominal award. *See generally Cummings v. Connell,* 402 F.3d 936, 942–43 (9th Cir. 2005); *Morales v. City of San Rafael,* 96 F.3d 359, 363 & n. 6 (9th Cir.1996), *amended by* 108 F.3d 981 (9th Cir.1997). Further, the district court did not abuse its discretion in concluding that the $1000 award that Moore received was the maximum available under 15 U.S.C. § 1640(a). Under the statute, Moore would have been entitled to actual damages, 15 U.S.C. § 1640(a)(1), as well as twice any fees wrongly incurred up to $1000. 15 U.S.C. § 1640(a)(2)(A); *Koons Buick Pontiac GMC v. Nigh,* 543 U.S. 50, 53–64, 125 S.Ct.

460, 160 L.Ed.2d 389 (2004) (concluding that the $1000 limit in 15 U.S.C. § 1640(a)(2)(A)(ii) applies to most loans to which 15 U.S.C. § 1640(a)(2)(A) applies). Neither party suggests any way that actual damages, combined with statutory damages, could have exceeded $1000. *See generally Gold Country Lenders v. Smith (In re Smith),* 289 F.3d 1155, 1157 (9th Cir. 2002) (holding that "actual damages" awards under 15 U.S.C. § 1640(a)(1) compensate only proven injuries or losses that stem from a plaintiff's detrimental reliance on a creditor's wrongdoing). Moreover, even if the $1,000 award had been de minimis, it was not an error to award fees because the district court also took into account the non-monetary relief that Moore received, described by an expert as according "substantial" public and private benefit. *See Wilcox v. City of Reno,* 42 F.3d 550, 555 (9th Cir.1994).

■ Finally, a comparison between damages requested and damages received does not indicate that the district court abused its discretion in determining the fee award. *See Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Again, the district court took into account, as it was entitled to do, the non-monetary relief that Moore received.[1]

**AFFIRMED.**

---

1. The appellee's request for judicial notice is denied as unnecessary.