# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: BOBBY FERRELL,
Jr.,

*Debtor,*

KATHLEEN A. MCDONALD,

*Appellant,*

v.

CHECKS-N-ADVANCE, INC.,

*Appellee.*

No. 06-17243

BAP No.
NV-05-01420-
MaMoS

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Marlar, Montali, and Smith, Bankruptcy Judges, Presiding

Argued and Submitted
July 18, 2008—San Francisco, California

Filed August 22, 2008

Before: Jerome Farris, Carlos T. Bea, and
Eugene E. Siler, Jr.,* Circuit Judges.

Per Curiam Opinion

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

11377

## COUNSEL

Christopher P. Burke, Esq., Las Vegas, Nevada, for plaintiff-appellant Kathleen McDonald, Chapter 13 Trustee for the Bankruptcy Estate of Bobby Ferrel, Jr.

Jean Constantine-Davis, Nina F. Simon, Deborah Zuckerman, AARP Foundation Litigation, Washington, D.C.; Stuart Rossman, National Consumer Law Center, Boston, Massachusetts; Dan L. Wulz, Clark County Legal Services Program, Inc., Las Vegas, Nevada, for amici curiae National Consumer Law Center, AARP, and Clark County Legal Services Program, Inc. in support of appellant.

## OPINION

PER CURIAM:

Chapter 13 bankruptcy trustee Kathleen McDonald appeals the bankruptcy appellate panel's denial of her request for actual damages, statutory damages, attorneys' fees, and costs under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and for attorneys' fees and costs under Nevada law. This appeal raises an issue of first impression for this circuit: whether statutory damages are available for violations of 15 U.S.C.

§§ 1632(a) and 1638(b)(1). We hold that they are not. We also reject the Trustee's claim for actual damages and for attorneys' fees and costs.[1]

## BACKGROUND

On June 27, 2002, Bobby Ferrel, Jr. obtained a "pay-day loan"[2] from Checks-N-Advance, Inc.[3] An unsigned promissory note from Checks-N-Advance specified that Ferrel[4] received $300 as a pay-day advance. Ferrel was obligated to repay the $300 and a $45 financing fee by July 4, 2002. The stated annual percentage rate of interest was 782.143%. The "finance charge," "annual percentage rate," "amount financed," and "total of payments" appeared in the same font and size on the promissory note. McDonald claims that Ferrel did not receive disclosures required by the Truth in Lending Act before consummating the transaction.

Ferrel filed for Chapter 13 bankruptcy on February 7, 2003. Kathleen McDonald was appointed as trustee. The Trustee, not the unpaid creditor, filed a creditor's proof of claim on behalf of Check-N-Advance for the unpaid loan. She then initiated an adversary proceeding by filing a complaint requesting that the bankruptcy court disallow the claim. In the

---

[1]We grant the National Law Center, the AARP, and the Clark County Legal Services Program's motion for leave to file an amicus brief pursuant to Fed. R. App. P.29 (a).

[2]A pay-day loan is a small-sum, short-term, single-payment loan secured by a check the borrower gives to the payday lender in the amount of the cash advance plus interest. If the borrower fails timely to repay, the lender can negotiate the check or the borrower can extend the due date by paying a fee. *See Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 871 (11th Cir. 2005).

[3]Although the trustee filed suit against multiple defendants, we refer only to Checks-N-Advance as the defendant/appellee.

[4]Although the debtor is referred to as "Ferrell" in the decision of the Bankruptcy Appellate Panel, the complaint spells his last name as "Ferrel."

complaint, McDonald claimed the loan agreement: (1) failed to provide TILA-required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b); (2) failed "properly and conspicuously" to disclose the finance charge and the annual percentage rate in violation of 15 U.S.C. § 1632(a) and its implementing regulations; and (3) violated Nevada state consumer loan law, NRS § 604.164.3, which requires the same disclosures as TILA. McDonald sought damages and attorneys' fees and costs under TILA, as well as attorneys' fees and costs under Nevada law.

Checks-N-Advance did not respond to the Trustee's complaint. The bankruptcy court found Check-N-Advance violated the Truth in Lending Act and entered default judgment in favor of the Trustee by granting the objection to the proof of claim. Taking the factual allegations in the complaint as true, the bankruptcy court denied relief, however, on the Trustee's Truth in Lending Act claims. The court held that Checks-N-Advance violated 15 U.S.C. §§ 1632(a), 1638(b)(1), and Regulation Z (12 C.F.R. § 226.17(a)(2), (b)).[5] However, relying on *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987 (7th Cir. 2000), it denied the Trustee's request for statutory damages for violations of §§ 1632(a) and 1638(b)(1)[6] and Regulation Z. The court further found that the Trustee failed to demonstrate actual damages. It also rejected the Trustee's state law claims.

The Trustee appealed to the bankruptcy appellate panel, which affirmed the bankruptcy court in a reasoned decision. *McDonald v. Check-N-Advance (In re Ferrell)*, 358 B.R. 777 (B.A.P. 9th Cir. 2006). The BAP based its decision on a close

---

[5]12 C.F.R. § 226.17(a)(2) implements the requirements listed in 15 U.S.C. § 1632(a) and 12 C.F.R. § 226.17(b) implements the requirements found in 15 U.S.C. § 1638(b)(1).

[6]Unless otherwise specified, our citation to statutes refers to Title 15 of the United States Code.

analysis of the text and legislative history of the Truth in Lending Act, and rejected the Trustee's request for statutory damages. *Id.* at 784-87. It acknowledged and followed both *Brown* and *Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862 (6th Cir. 2003). *Id.* at 785. The BAP also dismissed the Trustee's claim for actual damages, for failure to prove Ferrel relied to his detriment on the faulty loan agreement citing *In re Smith*, 289 F.3d 1155 (9th Cir. 2002) (per curiam). *Id.* at 790. The BAP rejected the Trustee's claim for attorneys' fees and costs pursuant to Nevada law. *Id.* at 792-93. It concluded that the Trustee did not meet the requirements for relief under Nevada law, and that the Trustee procedurally defaulted under Fed. R. Civ. P. 54(c). *Id.* by failing to plead the Nevada statute under which she sought attorneys' fees. The Trustee timely appealed.

## DISCUSSION

### I. Standard of Review

We review independently "the bankruptcy court's rulings on appeal from the BAP." *Miller v. Cardinale (In re Deville)*, 361 F.3d 539, 547 (9th Cir. 2004). We review the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir. 2003).

### II. Statutory Scheme

[1] Congress enacted the Truth in Lending Act in 1968 to strengthen the "informed use of credit" by requiring meaningful disclosure of credit terms to consumers. 15 U.S.C. § 1601(a). The purpose of the Act is to:

> assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the con-

> sumer against inaccurate and unfair credit billing and
> credit card practices.

*Id.* "In order to effectuate this purpose" we construe the Act's provisions liberally in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). "To insure that the consumer is protected . . . [the TILA and accompanying regulations must] be absolutely complied with and strictly enforced." *Id.* (alteration in original) (internal quotation and citation omitted).

**[2]** Section 1638(a) sets forth the disclosures that creditors must make in closed-end consumer credit transactions,[7] including pay-day loans. *See* 15 U.S.C. § 1638(a). Among other items, creditors must disclose the annual percentage rate of interest and finance charge. 15 U.S.C. §§ 1638(a)(3), (4). Section 1638(b)(1) requires creditors to make these disclosures "before the credit is extended." Section 1632(a) imposes an extra obligation on creditors to disclose "[t]he terms 'annual percentage rate' and 'finance charge' . . . more conspicuously than other terms, data, or information provided in connection with a transaction." Congress added this requirement to the Act in 1980. It previously was a requirement only in Regulation Z. *See* S. Rep. No. 96-73, at 14 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 292.

**[3]** The Truth in Lending Act provides a cause of action for consumers to obtain actual or statutory damages for a creditor's failure to comply with certain requirements of the Act. 15 U.S.C. § 1640(a).[8] The Act broadly states that "any credi-

---

[7]Section 1638 governs transactions other than open ended transactions. *See* 15 U.S.C. § 1638. An open ended transaction is "a plan under which the creditor reasonably contemplates repeated transactions." 15 U.S.C. § 1602(i). Because the pay-day loan is a one-time transaction, it is not an "open ended" transaction.

[8]Section 1640(a) states in relevant part:

> *Except as otherwise provided in this section*, any creditor who
> fails to comply with any requirement imposed under this part

tor who fails to comply with *any* requirement imposed under [part B] . . . or part D or E . . . is liable to" any consumer doing business with the creditor. 15 U.S.C. § 1640(a) (emphasis added). A consumer may recover "any actual damage sustained . . . as a result of the failure." *Id.* § 1640(a)(1). A consumer may also obtain statutory damages totaling "twice the amount of any finance charge in connection with the transaction" from a creditor who fails to comply with certain provisions of the Act. *Id.* § 1640(a)(2)(A)(i).[9] However, there are exceptions to the recovery of statutory damages. The scope of these exceptions presents an issue of first impression. To resolve this question, we address only whether violations of §§ 1632(a) or 1638(b)(1)[10] warrant statutory damages under § 1640(a)(2). We hold that they do not.

---

[§§ 1631-1649] . . . with respect to any person is liable to such person in an amount equal to the sum of—

(1)   any actual damage sustained by such person as a result of the failure;

(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction . . .

. . .

*In connection with the disclosures referred to in section 1638 of this title*, a creditor shall have a liability determined under paragraph (2) *only* for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title.

15 U.S.C. § 1640(a) (emphases added).

[9]We address only this provision, recognizing that there are other penalty provisions in § 1640(a)(2)(A), none of which apply here.

[10]This presents a question of statutory interpretation. Our first step is to determine whether the statutory language has a plain and unambiguous meaning. *Robinson v. Shell Oil*, 519 U.S. 337, 340 (1997). If the statutory language is unambiguous and the statutory scheme is "coherent and consistent," "[o]ur inquiry must cease." *Id.* (citation omitted).

### III.   The Trustee is not Entitled to Statutory Damages for Violations of 15 U.S.C. § 1638(b)(1)

The Trustee contends that she may recover statutory damages for Checks-N-Advance's failure to comply with the disclosure timing rule of § 1638(b)(1). Relying on *Lozada v. Dale Baker Oldsmobile, Inc.*, 145 F. Supp. 2d 878 (W.D. Mich. 2001), *overruled by Baker v. Sunny Chevrolet*, 349 F.3d 862 (6th Cir. 2003), the Trustee argues that § 1638(b)(1) is not covered by § 1640(a)'s exceptions to statutory damages. We decline to follow *Lozada*.

**[4]** The exceptions to § 1640(a)'s statutory damages are broader than the Trustee contends. The Act states that:

> *In connection with* the disclosures referred to in section 1638 of this title, a creditor shall . . . [be liable for statutory damages] *only* for failing to comply with the requirements . . . of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title . . . .

15 U.S.C. § 1640(a) (emphasis added). The language "[i]n connection with the disclosures referred to in section 1638" encompasses more than just the disclosure rules of 1638. The use of the word "only" then limits recovery for violations of any of these disclosures to a closed list of violations of § 1638(a)(2) (only regarding the "amount financed"), (3), (4), (5), (6), or (9).[11] This accords with Congress's desire to "nar-

[11]We note that this closed list also includes § 1635 which gives the obligor a right of rescission where a credit transaction is secured by his principal dwelling, 15 U.S.C. § 1635(a), and "disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title." 15 U.S.C. § 1640(a). These requirements are irrelevant to the Trustee's appeal.

row a creditor's civil liability for statutory penalties to only those disclosure[s] which are of central importance in understanding a credit transaction's costs or terms." S. Rep. No. 96-73, at 7 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 285.[12] Reading the rule more broadly would not accord with Congress's intent to "eliminate litigation which is based on violations of a purely technical nature." *Id.*

**[5]** Under the plain language of § 1640(a), violations of the disclosure timing rules of § 1638(b)(1) are exempted from statutory damages. First, the rule of § 1638(b)(1) is part of and functions "[i]n connection with the disclosures referred to in section 1638." 15 U.S.C. § 1640(a); *see Baker*, 349 F.3d at 873 (Guy, J., concurring) ("The limitation of the final sentence of § 1640(a) . . . explicitly applies 'in connection with the disclosures referred to in § 1638'—not just § 1638(a)."). Second, § 1638(b)(1) is not found in the closed list of § 1638(a) disclosure rules enumerated in § 1640(a) for which statutory damages are available. We hold that a consumer may not recover statutory damages under § 1640(a) for violations of § 1638(b)(1) and its corresponding regulations, 12 C.F.R. § 226.17(b). As the Trustee has not enforced any liability under § 1640(a)(2), she is not entitled to attorneys' fees and costs pursuant to § 1640(a)(3).

## IV.   The Trustee is not Entitled to Statutory Damages for Violations of 15 U.S.C. § 1632(a)

The Trustee asserts that she is entitled to statutory damages for Checks-N-Advance's violation of the "more conspicuous" disclosure rule of § 1632(a). Again relying on *Lozada*, she

---

[12]In amending the Act, Congress stated that it intended this effect: "In a 'closed end' transaction, such as . . . [a pay-day loan], the creditor's civil liability for statutory penalties would be limited to disclosure of the amount financed, the finance charge, the total of payments, the annual percentage rate, the number, amount, and due dates of payments, any security interest taken, and where applicable, the consumer's right to rescission." S. Rep. No. 96-73, at 7 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 285.

asserts that because § 1632(a) is not expressly mentioned in the final sentences of § 1640(a), it remains a basis for statutory damages. We reject the argument.

**[6]** Section 1632(a)'s requirement that "[t]he terms 'annual percentage rate' and 'finance charge' shall be disclosed more conspicuously than other terms" functions "[i]n connection with the disclosures referred to in section 1638" and has no force without § 1638(a)'s disclosure obligations. 15 U.S.C. § 1640(a); *see Brown*, 202 F.3d at 991 ("The more-conspicuous-disclosure obligation of § 1632(a) works '[i]n connection with the disclosures referred to in section 1638.' "). A violation of § 1632(a) cannot form the basis for statutory damages, as it does not fall within the closed list of § 1638(a) subsections, violations of which can support an award of statutory damages. *See Brown*, 202 F.3d at 991.

**[7]** We are aware that Congress specifically added the "more conspicuous" rule to the Act in the 1980 amendments. *See* S. Rep. No. 96-73, at 14 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 292. The codification of this regulation does not alter our analysis of the § 1640(a)'s exceptions to statutory damages. The "more conspicuous" rule functions integrally with § 1638(a). Congress did not designate § 1632(a) as a basis for statutory damages in its closed list of requirements that do. *See* S. Rep. No. 96-73, at 7 (1979), *reprinted in* 1980 U.S.C.C.A.N. 280, 285 (listing the basis for statutory damages).

**[8]** We hold that a consumer may not recover statutory damages for violations of § 1632(a) and its corresponding regulations, 12 C.F.R. § 226.17(a)(2). As the Trustee has not enforced any liability under § 1640(a)(2), she is not entitled to attorneys' fees and costs pursuant to § 1640(a)(3).

## V.   The Trustee is not Entitled to Actual Damages

The Trustee asserts that she is entitled to actual damages under § 1640(a)(1), and requests that we overturn our decision

in *Smith v. Gold Country Lenders (In re Smith)*, 289 F.3d 1155 (9th Cir. 2000). No valid basis has been cited on which to overrule *Smith*.

**[9]** In *Smith*, we held that "in order to receive actual damages for a TILA violation . . . a borrower must establish detrimental reliance." 289 F.3d at 1157. The consumer must show that she "would either have secured a better interest rate elsewhere, or foregone the loan completely." *Id.* The Trustee recognizes that she has not demonstrated detrimental reliance. She has not persuaded us of a different rule than that announced in *Smith*. We affirm the BAP.

## VI. The Trustee is not Entitled to Attorneys' Fees and Costs under Nevada Law

The Trustee asserts that she is entitled to attorneys' fees and costs under Nevada's consumer fraud act. She claims that Checks-N-Advance's failure to abide by the Truth in Lending Act constitutes a "deceptive trade practice" under Nev. Rev. Stat. § 598.0923(3) and that this qualifies her to receive fees and costs pursuant to Nev. Rev. Stat. § 41.600(3)(b). We reject the argument.

To recover attorneys' fees and costs on default judgment, the plaintiff must "specify the judgment and the statute, rule, or other grounds [so] entitling" her. Fed. R. Civ. P. 54(d)(2)(B)(ii); *see id.* 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); Fed. R. Bankr. P. 7054(a) (following Fed. R. Civ. P. 54).

**[10]** The Trustee failed to plead with specificity the statute under which she now claims to be entitled to costs and fees. The complaint requested attorneys' fees and costs under Nev. Rev. Stat. § 604.164. On appeal, the Trustee now insists on fees and costs under Nev. Rev. Stat. § 41.600. To enter fees and costs in the Trustee's favor would violate Rule 54(c) by

imposing a default judgment on grounds that differ from what was "demanded in the pleadings." Fed. R. Civ. P. 54(c). The complaint's request for "such other relief as the court deems appropriate" cannot save the Trustee's claim. This prayer for relief lacks the requisite specificity to put defendants on notice that the Trustee sought attorneys' fees and costs on the default judgment pursuant to Nev. Rev. Stat. § 41.600. *See* Fed. R. Civ. P. 54(d)(2)(B).

**AFFIRMED.**