**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AL MCZEAL; et al., <br><br>         Plaintiffs-Appellants, <br><br> and <br><br> ARACELI GARCIA; et al., individually, and on behalf of all other similarly situated individuals, <br><br>         Plaintiffs, <br><br>   v. <br><br> JPMORGAN CHASE BANK, N.A.; et al., <br><br>         Defendants-Appellees. | No.   12-55496 <br><br> D.C. No. <br> 2:11-cv-07739-PA-PJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 25, 2018[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Al McZeal and other plaintiffs appeal pro se from the district court's dismissal of their action asserting claims based on alleged abuses in the mortgage industry. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellant's assertion that Judge Anderson was required *sua sponte* to recuse himself appears for the first time on appeal, rendering it subject to plain error review. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1173–74 (9th Cir. 2017) *petition for cert. filed* (U.S. Feb. 14, 2018) (No. 17-1153). Even if we assume that all the distant information the appellants now marshal in support of their tardy claim is (1) properly before us, and (2) relevant, none of it is sufficient to demonstrate error, much less plain error.

The district court properly struck the complaint's class allegations because a plaintiff proceeding pro se may not pursue claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). The district court did not abuse its discretion in denying plaintiffs an extension of time to secure class counsel, nor in failing to appoint interim class counsel. *See United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 563 (9th Cir. 2008).

The district court properly dismissed all plaintiffs except Al McZeal on the basis of misjoinder because plaintiffs' claims related to foreclosures on different properties by different banks, and thus did not arise from the same transaction or

2

occurrence. *See* Fed. R. Civ. P. 20(a)(1) and 21; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014).

The district court did not err in dismissing McZeal's federal claims. The complaint's generalized allegations of a mortgage industry conspiracy to defraud were insufficient to state a civil RICO claim under 18 U.S.C. § 1962(c) and (d). *See United Bros. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (discussing that the elements of civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity . . . (5) causing injury to plaintiff's business or property."); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557–58 (9th Cir. 2010) (holding that pursuant to Fed. R. Civ. P. 9(b), RICO fraud allegations must be stated with particularity).

The district court correctly concluded that McZeal's Truth in Lending Act claim for rescission was barred by his allegations that his two properties had been foreclosed upon. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899 (9th Cir. 2003) (holding that right to rescind ends with sale of property). McZeal failed to state a TILA claim for damages because he did not allege detrimental reliance on

3

defendants' loan disclosures and also failed to allege which disclosures were omitted by which defendants. *See Gold Country Lenders v. Smith (In re Smith)*, 289 F.3d 1155, 1157 (9th Cir. 2002) (per curiam) (holding that TILA damages claim requires proof of detrimental reliance).

McZeal failed to state a claim under the Fair Debt Collection Practices Act because the defendants were not debt collectors within the meaning of the FDCPA. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 571–72 (9th Cir.), *cert. denied*, 138 S. Ct. 504 (2017). McZeal failed to state a claim for securities fraud because he did not plead allegations of fraud with particularity. *See Webb v. SolarCity Corp.*, 884 F.3d 844, 851 (9th Cir. 2018). McZeal failed to state a claim for violation of his Fourth and Fifth Amendment rights because the defendants are private entities, and their actions are not fairly attributable to the government. *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017), *petition for cert. filed* (U.S. Mar. 9, 2018) (No. 17-1287). McZeal failed to state a claim under 42 U.S.C. § 1981 because he failed to allege intentional discrimination on the basis of race. *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (setting forth elements of prima facie case). McZeal failed to state a claim under 42 U.S.C. § 1983 because he failed to allege state action. *See Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015) (setting forth elements of claim under § 1983). McZeal failed to state a claim under 42 U.S.C. § 1985(3) because he failed sufficiently to

4

allege a conspiracy. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (setting forth elements of claim under § 1985(3)). McZeal failed to state a claim under the Fair Housing Act, 42 U.S.C. § 3605 (prohibiting discrimination in residential real estate-related transactions), because he alleged only generally that the defendants engaged in "discriminatory housing practices with respect to interest rates, required disclosures, and general terms and conditions offered," and did not specifically allege which defendants committed which discriminatory practices against him personally. *See Avenue 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 502–03 (9th Cir. 2016) (explaining that FHA prohibits disparate treatment because of race, religion, gender, or other protected characteristic). McZeal also failed to state a claim under the Real Estate Settlement Procedures Act. *See* 12 U.S.C. § 2614 (statute of limitations); *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1036 (9th Cir. 2014).

McZeal argues that the complaint could have been amended to state a claim, but he does not explain how. Given the extensive deficiencies in the complaint, the district court did not abuse its discretion in dismissing McZeal's federal claims with prejudice, rather than granting leave to amend. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1125 (9th Cir. 2018) (holding that district court did not abuse its discretion in dismissing suit with prejudice when amending complaint would have been futile).

5

The district court did not abuse its discretion in failing to allow oral argument on motions, s*ee Carpinteria Valley Farms Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 832 n.6 (9th Cir. 2003), nor in declining to find two defendants in default, *see Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011).

The motion for judicial notice, Docket Entry No. 66, is denied as unnecessary.

Costs are awarded to Appellees. *See* Fed. R. App. P. 39(a).

**AFFIRMED.**