**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KENNETH BAILEY, | No. 10-60031 |
| Debtor, | BAP No. 09-1277 |
| ------------------------------ | |
| KENNETH BAILEY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| GEORGES ELIAS; ROBERT ASSIL; HELENE PRETSKY, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brandt, Montali, and Pappas, Bankruptcy Judges, Presiding

Submitted May 17, 2013 [**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:   W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY, District Judge.[***]

Appellant Kenneth Bailey is a Chapter 11 debtor appealing the bankruptcy appellate panel's determination that two court-ordered sales of his personal property yielded reasonably equivalent value and therefore were not fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).  Appellees are Robert Assil, Georges Elias, and Helene Pretsky, who are former officers, directors, and counsel for Virtual Fonlink, Inc. ("VFI"), a company Bailey founded.  At the court-ordered sales in 2002 and 2003, VFI paid $100,000 for Bailey's rights in a settlement agreement and paid another $100,000 for his 5 million shares in VFI.  The bankruptcy court and appellate panel determined these sales were not fraudulent because the value of the contract rights and shares was speculative, and Bailey had not satisfied his burden of showing the sales yielded less than reasonably equivalent value.

We review the bankruptcy court's findings of fact for clear error.  *In re Ferrell*, 539 F.3d 1186, 1189 (9th Cir. 2008).  The bankruptcy court's weighing of credibility or conflicting inferences is given great deference.  *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010).  Because the bankruptcy court's weighing of the facts and circumstances of the two sales was not clearly erroneous, we affirm.

---

[***]   The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

**1.**     Regarding the value of his contract rights, Bailey argues that "simple math" indicates these rights to future payment were valued at over $1.6 million.  But these rights were expressly conditioned upon performance of certain covenants, and there is record evidence indicating Bailey defaulted on these obligations by, among other things, attempting to misappropriate VFI's intellectual property and to interfere with Appellees' management of VFI.  Bailey acknowledges he would not be entitled to *any* future benefits if the settlement agreement was void due to a breach arising from his failure to perform conditions precedent.  *See* Cal. Civ. Code §§ 1436 & 1439.  And any potential buyer of these rights would have to litigate the claim to future payment and weigh the chance of success against the speculative value of the rights.  Bailey identifies no evidence that would have permitted the bankruptcy court to ascertain accurately the value of his contract rights.  Accordingly, the bankruptcy court finding was not clearly erroneous.

**2.**     Bailey argues his VFI shares should have been valued close to $2.5 million (50 cents per share) rather than $100,000 (2 cents per share), and thus the sale for $100,000 was unreasonable.  In support, he references a capitalization table showing a series of sales, occurring between September 2001 and June 2002, where VFI shares sold for 50 cents, and argues those sales "constituted *prima facie* evidence of the value of the shares at the time."  However, the 50-cent shares differed substantially from Bailey's because, as the bankruptcy court properly found, shares

3

sold in earlier sales contained warrants or were convertible debt and were unencumbered.

Other record evidence, including Bailey's own actions, further indicates his VFI shares were not worth anything close to the 50 cents he now contends. In a February 2002 letter to shareholders, Bailey noted that VFI stock was "worthless." Shortly thereafter, Bailey traded approximately 100,000 shares of a defunct company (without assets) he owned for 43,000 shares of VFI. Finally, Bailey admitted he attempted to sell VFI stock to pay a judgment against him but was unable to sell the shares because of pending litigation. Thus, the bankruptcy court's determination that Bailey failed to carry his burden under Section 548 was not clearly erroneous.

**AFFIRMED.**