**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-15-1273-TaKuF |
| | ) | |
| CHONGHEE JANE KIM, | ) | Bk. No.   2:13-bk-25661-BB |
| | ) | |
| Debtor. | ) | Adv. No.  2:14-ap-01456-BB |
| _____ | ) | |
| | ) | |
| BENJAMIN HOOSHIM; ALEXANDRE OH, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| EDWARD M. WOLKOWITZ, CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on February 19, 2016
at Pasadena, California

Filed – May 2, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

_____

Appearances:    Andrew Edward Smyth argued for appellants;
Matthew Abbasi argued for appellee.

_____

Before:   TAYLOR, KURTZ, and FARIS, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Benjamin Hooshim and Alexandre Oh appeal from the bankruptcy court's entry of a default judgment against them and in favor of the chapter 7[1] trustee. The default judgment avoided their liens against real property pursuant to § 544(b)(1) and California Civil Code § 3439.04 and provided for the Trustee's recovery of the liens and the related notes under §§ 550 and 551. The default judgment, however, also denied the Trustee's request for a recovery of title to and possession of the real property itself given that the Trustee previously sold it subject to the liens. The Trustee did not cross-appeal from this determination.

Once the bankruptcy court determined that the Trustee was not entitled to recover the real property, the only other relief the Trustee sought in his complaint – set aside of the liens - could not benefit the estate. We, thus, hold that the Trustee lacked standing to seek such relief. As a result, we VACATE the default judgment and DISMISS this appeal.

**FACTS**

**Pre-petition Transfers and Litigation**

Chapter 7 debtor Chonghee Jane Kim owned real property located in or around Los Angeles, California, including investment property in Sylmar (the "Property").

In 2010, Finnegan & Diba, a law corporation, sued Kim in state court and obtained a judgment against her in the principal

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

amount of $109,843.89. Unbeknownst to the law firm, during the course of this litigation, Kim transferred all of her real property to two wholly-owned limited liability companies for no consideration. As relevant to this appeal, Kim transferred the Property to E & E Global, LLC (the "LLC").

Kim later caused the LLC to encumber the Property with two deeds of trust, each securing a promissory note payable to one of the Appellants.[2] Appellants had previously loaned money to Kim – not to the LLC - in the amounts set forth in the notes. The LLC executed its notes and recorded the trust deeds several months later, and the timing of execution and recordation was far from random; they were executed and recorded just one week before entry of the judgment against Kim in the state court action. Appellants, however, did not participate in the LLC transactions,[3] and they learned about the notes and trust deeds at a later, unknown point in time.

After its discovery of these transfers, Finnegan & Diba commenced a second state court action against Kim. Among other things, the complaint sought to set aside the transfers as fraudulent. Within days, Kim caused the LLC to transfer the Property back to her via quitclaim deed. She then filed a chapter 7 petition; that case was dismissed almost a year later,

---

[2] One note referenced a $50,000 debt owed to Hooshim; the other note referenced a $100,000 debt owed to Oh.

[3] While Appellants may not have initially known about the LLC's notes and trust deeds, they were close associates of Kim. Hooshim was married to Kim's sister. Oh was a longtime friend and client of Kim's bookkeeping and accounting services.

3

based on Kim's failure to attend a continued § 341(a) meeting of creditors.

Following dismissal of the first bankruptcy case, Finnegan & Diba obtained a default judgment against Kim in the second state court action; the judgment avoided Appellants' trust deeds. Just days before entry of this judgment, however, Kim filed a second chapter 7 petition. The immediate result was that the state court default judgment was void.

### Trustee's Sale of the Property

Expeditious in his liquidation efforts, the Trustee shopped the Property and received a third party purchase offer. The Trustee moved for authority to sell the Property under § 363(b), subject to overbid. Of particular importance, the sale of the Property was **subject to** any existing liens.

At the sale hearing, Kim emerged as the successful bidder.[4] Following the bankruptcy court's entry of an order confirming the sale and receipt of payment, the Trustee quitclaimed the Property to Kim.

No one appealed from the sale order, and it is now final.

### Trustee's Avoidance Proceeding

Seven months after the sale order became final, the Trustee commenced an adversary proceeding against Appellants; he did not name Kim as a party. As relevant to this appeal,[5] the adversary

[4] Kim paid $35,000 and acquired the Property and two other real properties.

[5] The adversary complaint also asserted fraudulent transfer claims pursuant to § 548(a)(1)(A) and (a)(1)(B). The
(continued...)

4

complaint asserted the following claims and sought the following relief:

- First Claim for Relief (§ 544 / Cal. Civ. Code ("CC") § 3439). Avoidance of title transfer and lien transfers and recovery of the Property.

- Fourth Claim for Relief (Quiet Title). 100% title to and possession of the Property free and clear of the liens.

- Prayer:

  - Avoidance of transfer of title and liens under §§ 544 and CC § 3439.

  - A declaration that the Property was property of the estate free and clear of liens.

  - Vesting of legal title to the Property in the estate.

  - Recovery of the Property under § 550.

  - The usual "other relief" catch all and costs.

Appellants did not initially defend the avoidance proceeding, and, when they did enter the fray, they did not timely comply with the bankruptcy court's directive to participate in a mediation. As a result, the bankruptcy court struck Appellants' answer to the complaint and entered defaults against them.

In moving for default judgment, the Trustee argued that judgment was warranted by the evidence that Kim transferred and encumbered the Property with actual intent to hinder, delay, or

[5](...continued)
bankruptcy court ultimately determined that these claims were time-barred. No cross-appeal was taken from this determination.

5

defraud. Appellants opposed and focused on the effect of the sale of the Property to Kim. They asserted that the Trustee quitclaimed to Kim any and all interest the estate had in the Property and, thus, that he lacked standing to pursue the avoidance and recovery claims.

Following a hearing, the bankruptcy court entered an order granting in part and denying in part the Trustee's motion for default judgment. It determined that the Trustee had standing to avoid Kim's fraudulent transfers of her interests in the Property. And it concluded that the notes and trust deeds "were created solely for the purpose of **intentionally** hindering, defrauding and delaying Creditor, Finnegan & Diba . . . and for no other purpose." Emphasis in original. The bankruptcy court, thus, avoided the trust deeds as fraudulent transfers under § 544 and CC § 3439.04 and provided that all rights, title, and interests in the trust deeds were transferred to the Trustee and preserved for the benefit of the estate pursuant to §§ 550 and 551. The bankruptcy court also ruled that as the "holder in due course" of the notes and trust deeds, the Trustee was "entitled to fully and completely enforce the terms of the assumed encumbrances."

The bankruptcy court, however, denied the Trustee's requests for recovery, title, and possession in relation to the Property given the Trustee's prior sale of the Property.

Appellants timely appealed.

While this appeal was pending - at oral argument, in fact - the Trustee informed the Panel that he had exercised the power of sale under the trust deeds and foreclosed on the Property.

6

This information prompted the Panel to re-visit and grant Appellants' motion for a temporary stay, which prevents the Trustee's disbursement of any proceeds from the sale pending final disposition of this appeal.

**ISSUE**

Whether the Trustee had standing to assert the avoidance and recovery claims against Appellants.

**DISCUSSION**[6]

On appeal, Appellants continue to challenge the Trustee's standing to assert the avoidance and recovery claims.[7] They also maintain that the claims either were sold to Kim by the Trustee or extinguished by the quitclaim deed. We agree with the bankruptcy court that the Trustee did not sell avoidance claims to Kim and that the quitclaim deed did not extinguish the claims; in the absence of a sale expressly so providing, only the Trustee could assert the estate's fraudulent transfer claims. But the sale did affect the estate's remedies on account of such claims.

In short, after the sale of the Property subject to the

---

[6] Appellants request that the Panel take judicial notice of an adversary complaint filed by Kim against the Trustee while this appeal was pending; the complaint asserts claims for quiet title and declaratory relief. We grant the request, solely for the fact that it was filed and not for the truth of the matters asserted in the complaint.

[7] Although Appellants do not frame their arguments as a constitutional standing issue, we have an independent duty to examine issues of jurisdiction and justiciability, even sua sponte. See Am. Civ. Liberties Union of Nev. v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006).

liens, the estate's injury was no longer redressable through a lien avoidance action.  If this was unclear when the Trustee filed the adversary complaint which requested recovery of the Property, it became clear when the bankruptcy court denied recovery of title by the estate.

**Standing exists only when an injury can be redressed through favorable judicial decision**.  The judicial power of the federal courts, including the bankruptcy courts, is both supplied and limited by the Constitution of the United States. One limitation is standing, which involves the question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Thus, "standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III.  This is the threshold question in every federal case, determining the power of the court to entertain the suit."  Id. (citation omitted).

To establish standing, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."  Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386 (2014) (citation omitted).  "[R]edressability analyzes the connection between the alleged injury and requested judicial relief.  [It] does not require certainty, but only a substantial likelihood that the injury will be redressed by a favorable judicial decision."

<u>Nw. Requirements Utilities v. FERC</u>, 798 F.3d 796, 806 (9th Cir. 2015) (internal quotation marks and citation omitted).

Here, there is no dispute that Kim transferred the Property to the LLC. The resulting injury was remedied in part when, pre-petition, Kim caused the LLC to reconvey the Property. But while the Property was in the hands of the LLC, Kim caused the LLC to grant liens on the Property in favor of Appellants. We see no error in the bankruptcy court's determination that Kim caused the LLC to encumber the Property with the actual intent to hinder, delay, or defraud Finnegan & Diba.[8] The reconveyance of the Property did not extinguish the liens. Consequently, the Trustee's sale of the Property did not entirely redress the injury to the estate caused by Kim's pre-petition fraudulent transfers. No doubt, the existence of Appellants' liens reduced the sale price received for the Property. We, thus, agree that the trust deed transfers were actually fraudulent and that there was injury to the estate.

The Trustee had options for addressing this injury. He could have moved to avoid the trust deeds prior to sale of the Property. Or, he could have sold the Property, free and clear

---

[8] We acknowledge that CC § 3439.05(a) applies only when there is a transfer "by the debtor" and recognize that, here, the LLC transferred the trust deeds. At oral argument before the Panel, the Trustee responded to this concern by asserting that there was substantial evidence in the record supporting that the LLC was the alter ego of Kim; we cannot find any direct discussion of this topic – nor is there an express finding by the bankruptcy court in this regard. But the bankruptcy court's implicit conclusion that the LLC's transfer of the trust deeds was the equivalent of a transfer by Kim is not disputed by Appellants and can be inferred on the record we do have.

of the trust deed liens.  In such a case, he could then move to avoid the liens on the sale proceeds.  In both cases, he could have achieved full value through sale.  The Trustee, however, chose neither of these options.  Prior to the time he filed the adversary complaint, he sold the Property subject to Appellants' liens.

Once the Trustee sold the Property subject to Appellants' liens, any injury to the estate was no longer redressable by avoiding the trust deeds.  Set aside of the trust deeds after the sale benefitted only Kim.  Despite this fact, the only relief both requested by the Trustee in the adversary complaint and before the Panel on appeal was lien set aside.  Again, had the Trustee possessed a meritorious claim to reacquire title to the Property after the sale, then his request for lien set aside was a remedy that addressed the continuing injury. Unfortunately, he did not possess such a right to reacquire title, and - even if he did - he did not preserve this claim on appeal.

**The Trustee neither requested nor preserved a claim for a money judgment under § 550**.  We acknowledge that in a case involving fraudulent conveyance of a trust deed, § 550 allows a trustee to file a complaint seeking either set aside of the liens or recovery of their value.  The Trustee, however, never sought recovery of the value of the liens through a money judgment.  At this post-judgment point in time, the historical possibility of a claim for a money judgment (equal to the value of the lien rights in the Property transferred) against Appellants pursuant to § 550(a) does not cure the standing

10

problem. Again, the Trustee did not seek this relief, and the time for doing so has passed. See 11 U.S.C. § 546(a).[9]

**Rights to enforce the notes do not follow from recovery of the trust deeds or otherwise.** We also acknowledge the relief accorded in connection with the notes but conclude that the standing problem remains. The adversary complaint did not assert that the LLC's execution of the notes was fraudulent.[10]

---

[9] We assume that the Trustee recognized the significant hurdles to such a recovery. The Ninth Circuit has made clear that in the context of a § 550 lien recovery award, a money judgment is available only where the lien can be appropriately valued. See USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 892 (9th Cir. 2010). Nothing in this record suggests an attempt by the Trustee to value Appellants' liens. This makes sense, as the record is unclear as to if and when the notes were ever delivered to Appellants and there is no evidence that Appellants provided consideration to the LLC. Valuation of a trust deed where there are serious barriers to foreclosure could be difficult.

[10] We recognize that California law permits the avoidance, not only of transfers made by a debtor, but also of "obligations incurred by a debtor" if actual or constructive fraud exists. Cal. Civ. Code §§ 3439.04(a), 3439.05(a). For example, if a debtor executes a promissory note in favor of a friend evidencing a fictitious debt, for the purpose of diverting some of the debtor's assets to the friend rather than to legitimate creditors, the obligation is avoidable. This provision does not help the Trustee, however, for several reasons.

First, the record indicates that Kim owed legitimate debts to Appellants. Therefore, signing the notes did not create a fraudulent obligation that could be avoided.

Second, even if the notes were avoidable, the statute would not authorize the Trustee to recover the notes and become the holder of them. If a transfer is avoided, the statute permits the trustee to recover either the property or its value. Id. § 3439.08(b)(1). By its terms, however, the statute does not permit "recovery" of an avoidable obligation. There is a good reason for this difference. Avoidance of a fraudulent

(continued...)

11

The bankruptcy court made no such finding. Indeed, the bankruptcy court's determination that Appellants loaned money to Kim in the amounts included in the LLC notes is inconsistent with such a conclusion; the notes, even in an alter ego situation, merely evidence a legitimate debt. On this record, the relief as to the notes follows, if at all, only from the recovery of the trust deeds. Thus, our conclusion that the Trustee lacks standing to recover the trust deeds makes recovery of the notes and the exercise of rights thereunder impossible.

Our conclusion in this regard is supported by other considerations. First, to the extent the bankruptcy court granted recovery as to the notes other than as following from recovery of the trust deeds, it erred. The adversary complaint did not seek this relief. Given that the Trustee recovered judgment through a default prove-up, the bankruptcy court could not grant relief beyond that pled in the complaint. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."), incorporated into adversary proceedings by Fed. R. Bankr. P. 7054; see also McDonald v. Checks-N-Advance, Inc. (In re Ferrell), 539 F.3d 1186, 1192-93 (9th Cir. 2008); Sec. & Exch. Comm'n v. Wencke, 577 F.2d 619, 623 (9th Cir. 1978).

Second, even if the trust deeds were recoverable, the record does not support the bankruptcy court's determination

[10](...continued)
obligation – i.e., eliminating that obligation – restores the creditors to the status quo that existed before the fraudulent obligation was incurred. No further remedy is needed to provide complete relief to the affected parties.

that the Trustee was the holder in due course of the notes and, therefore, was entitled to exercise the power of sale under the trust deeds.

In California, it is well-established that a deed of trust follows the debt, whether evidenced by a promissory note or otherwise; the converse is not true. See Willis v. Farley, 24 Cal. 490, 497-98 (1864) ("The doctrine that a mortgage is a mere incident of the debt which it is executed to secure, and follows the same in whosoever hands it may come by transfer or assignment . . . may be regarded as the settled law of this State."); see also W. Loan & Bldg. Co. v. Scheib, 218 Cal. 386, 393 (1933) ("A mortgage is merely security for a debt, and if there is no debt there is no mortgage."). Only a party with rights to enforce the note can properly authorize a foreclosure. See Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 927 (2016).

No provision of the Bankruptcy Code converts a note payable by third parties to a non-debtor (or to a debtor, for that matter) into an obligation that can be enforced by a trustee pursuant to a fraudulent conveyance action that attacks the security for the note. Even where a trustee successfully avoids a trust deed, there is no resultant right to collect debt owed to the trust deed transferee by a third party or a debtor.

Further, the record does not establish that the Trustee was the holder in due course of the notes. A holder can enforce a

13

note.[11]  Cal. Com. Code § 3301.  One, however, must have more than possession to be a holder; one also must be named as the payee in the note or the note must be bearer paper.  Cal. Com. Code § 1201(a)(21)(A).  Here, the record establishes that the notes named Appellants as payees and there is no evidence that the notes were endorsed in blank or to the Trustee.

Given our determination, the Trustee's foreclosure may be problematic.  As stated, the Panel ordered a stay pending final disposition of this appeal.  Once the mandate issues, the bankruptcy court will need to address the repercussions of the foreclosure sale.

**CONCLUSION**

Based on the foregoing, we VACATE the judgment and DISMISS the appeal.

---

[11]  There are two other mechanisms by which a non-holder may enforce a note.  See Cal. Com. Code § 3301.  Here, the bankruptcy court solely determined holder in due course status; it did not discuss the other mechanisms nor does the record suggest their applicability under these facts.

14